IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN W. GRIGSBY, | ) | |
| Plaintiff(s), | ) | No. C 07-2566 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| ROBERT HOREL, et al., | ) | (Docs # 5, 6, 7 & 8) |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging violations of his Eight Amendment and due process rights. Plaintiff seeks declaratory, injunctive and monetary relief, as well as appointment of counsel and referral to a magistrate judge for settlement proceedings.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

1  granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
3  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
5  elements: (1) that a right secured by the Constitution or laws of the United States
6  was violated, and (2) that the alleged violation was committed by a person acting
7  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that prison officials placed him in administrative segregation for a period of 30 days pending a hearing on disciplinary charges for assault on a correctional officer.  During this time, he alleges that he was denied a mattress, toilet paper, clothes other that the peppered- sprayed clothes he was wearing, shoes, linen and writing materials.  Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for violation of the Eighth Amendment.  See, e.g., Johnson v. Lewis, 217 F.3d 726, 732-33 (9th Cir. 2000) (deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to implicate 8th Amendment).

Plaintiff also alleges that he was denied an opportunity to prepare and present  a defense at the hearing because he was denied an investigative employee and a chance to call relevant witnesses and present pertinent information.  Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for violation of due process.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974) ("inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"); id. at 570 ( "[w]here an illiterate inmate is involved . . . or where the

2

1  complexity of the issues makes it unlikely that the inmate will be able to collect
2  and present the evidence necessary for an adequate comprehension of the case, he
3  should be free to seek the aid of a fellow inmate, or . . . to have adequate
4  substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff").

5  C.    Motion for appointment of counsel, etc.

6  Plaintiff's motion for appointment of counsel (doc # 5) is denied for lack
7  of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th
8  Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). So is
9  his motion (doc # 7) for referral to a magistrate judge for settlement proceedings.
10 The court will appoint counsel and/or refer the matter to a magistrate judge for
11 settlement proceedings on its own motion if it determines at a later date in these
12 proceedings that such action is warranted.

13 Plaintiff's motions for discovery and service of the complaint (see docs # 6
14 & 8) are dismissed as premature. They are also rendered moot by this order.

## CONCLUSION

16 For the foregoing reasons and for good cause shown,

17   1.   The clerk shall issue summons and the United States Marshal shall
18 serve, without prepayment of fees, copies of the complaint in this matter, all
19 attachments thereto, and copies of this order on the named defendants. The clerk
20 also shall serve a copy of this order on plaintiff.

21   2.   In order to expedite the resolution of this case, the court orders as
22 follows:

23       a.   No later than 90 days from the date of this order, defendants
24 shall file a motion for summary judgment or other dispositive motion. A motion
25 for summary judgment shall be supported by adequate factual documentation and
26 shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

   Plaintiff is also advised that a motion to dismiss for failure to exhaust

1   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
2   case, albeit without prejudice.  You must "develop a record" and present it in
3   your opposition in order to dispute any "factual record" presented by the
4   defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
5   n.14 (9th Cir. 2003).

        d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

   3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

   4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

   5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  August 28, 2007

                                       CHARLES R. BREYER
                                       United States District Judge

G:\PRO-SE\CRB\CR.07\Grigsby1.serve.wpd

5