1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  JENNIFER J. NYGAARD, State Bar No. 229494
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5577
     Fax: (415) 703-5843
8    Email: Jennifer.Nygaard@doj.ca.gov

9  Attorneys for Defendants F. Jacquez, G. Stewart, M.
   Foss, D. Bradbury, K. Cruse, B. Samples, R. Graves,
10 N. Threm, J. Browman, P. Smith, and R. Horel

11

12                IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15
   | JONATHAN W. GRIGSBY, | C 07-2566 CRB |
16 |                      |               |
   |           Plaintiff, | DEFENDANTS' NOTICE OF |
17 |                      | MOTION, MOTION TO |
   |        v.            | DISMISS, AND |
18 |                      | MEMORANDUM OF POINTS |
   | ROBERT HOREL, et al., | AND AUTHORITIES |
19 |                      |               |
   |          Defendants. | No Oral Argument Required |
20 |                      | (Order of Service at 5.) |

21 TO PLAINTIFF JONATHAN W. GRIGSBY, IN PRO SE:

22      PLEASE TAKE NOTICE THAT Defendants F. Jacquez, G. Stewart, M. Foss, D. Bradbury,

23 K. Cruse, B. Samples, R. Graves, N. Threm, J. Browman, P. Smith, and R. Horel (Defendants)

24 move for dismissal of the suit under Federal Rule of Civil Procedure 12(b) on the ground that

25 Plaintiff Jonathan W. Grigsby failed to exhaust his administrative remedies as required by the

26 Prison Litigation Reform Act. This motion is based on the following memorandum of points and

27 authorities, the declarations of N. Grannis and C. Wilber and the exhibits in support, the

28 proposed order, and the Court's file in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

Plaintiff Jonathan Grigsby, a state prisoner, filed a civil-rights suit under 42 U.S.C. § 1983. In his complaint, Grigsby alleges that he was placed in administrative segregation pending a disciplinary hearing on charges of assaulting a correctional officer. (Compl. ¶¶ 14, 17.) He claims that he was not provided a mattress, toilet paper, linens, shoes, writing supplies, or clothing other than his pepper-sprayed clothing for thirty days while he was in administrative segregation. (*Id.* ¶¶ 25, 26.) Grigsby further alleges that at a September 19, 2005 disciplinary hearing he was denied an investigative employee and staff assistant to help him prepare a defense, and denied the opportunity to present witnesses. (*Id.* ¶¶ 33, 51.) Grigsby seeks declaratory and injunctive relief, and compensatory and punitive damages. (*Id.* ¶¶ 138-41.) The Court reviewed Grigsby's complaint for cognizable claims in accordance with 42 U.S.C. § 1915A, and found that liberally construed Grigsby's allegations stated cognizable claims for violations of the Eighth Amendment and due process. (Order of Service at 2.)

## ISSUE STATEMENT

Should this Court dismiss a complaint without prejudice if an inmate-plaintiff failed to exhaust his administrative remedies before filing suit?

## ARGUMENT

### I. THE PRISON LITIGATION REFORM ACT REQUIRES PRISONERS TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.

The Prison Litigation Reform Act of 1995 requires prisoners to exhaust their administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that this section requires exhaustion regardless of the type of relief that a prisoner seeks. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Moreover, the Court stressed that it "will not read futility or other exceptions into" the statutory exhaustion requirement. *Id.* at 741 n.6. A prisoner cannot satisfy the exhaustion requirement by

Defs.' Notice Mot., Mot. Dismiss & Mem. P. & A.   *J. Grigsby v. Horel, et al.*
C 07-2566 CRB

2

filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Exhaustion is mandatory and not left to the discretion of the district court. *Id.*

The State of California allows its prisoners to administratively appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1 (2006). In order to exhaust the available administrative remedies, a prisoner in California must proceed through several levels of appeal: (1) informal resolution, (2) first-level formal written appeal, (3) second-level appeal to the institution head or designee, and (4) third-level appeal to the Director of the California Department of Corrections and Rehabilitation. *Id.* § 3084.5. An inmate must submit an appeal within fifteen working days of the event or decision being appealed. *Id.* § 3084.6(c).

When an inmate fails to exhaust his administrative remedies, a defendant may file an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). In ruling on such a motion, a court may look beyond the pleadings to decide disputed issues of fact. *Id.* If a court concludes that the inmate failed to exhaust before filing suit, the proper disposition is dismissal of the suit without prejudice. *Id.* at 1120; *McKinney v. Carey*, 311 F.3d 1198, 1199-201 (9th Cir. 2002).

## II. GRIGSBY FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING THIS ACTION.

Grigsby did not exhaust his administrative remedies for either the Eighth Amendment or due-process claim.

### A. Grigsby Did Not Exhaust His Administrative Remedies for the Eighth Amendment Claim.

Grigsby claims that he was placed in administrative segregation pending a disciplinary hearing on charges of assaulting a correctional officer, and that he was not provided a mattress, toilet paper, linens, shoes, writing supplies, or clothing other than his pepper-sprayed clothing for thirty days while he was in administrative segregation. (Compl. ¶¶ 17, 25, 26.) But Grigsby did not exhaust his available administrative remedy through the final level of review for this Eighth

Defs.' Notice Mot., Mot. Dismiss & Mem. P. & A.                    *J. Grigsby v. Horel, et al.*
                                                                                                        C 07-2566 CRB

3

1  Amendment claim. Grigsby submitted appeal number S-05-01994, in which he complained that
2  while in administrative segregation he "wasn't entitled to anything" for eleven days and was
3  wearing pepper-sprayed clothes. (Decl. Wilber ¶ 5.) At Grigsby's request, however, this appeal
4  was withdrawn and was never resubmitted. (*Id.*) Although this appeal may have been relevant to
5  Grigsby's Eighth Amendment claim, he did not pursue it through the third, Director's level, of
6  review. (*See* Decl. Grannis at Ex. A.) Grigsby submitted another appeal, received September 23,
7  2005, concerning his placement in administrative segregation and property. (Decl. Wilber ¶ 5.)
8  This appeal was screened out because it was missing documentation. (*Id.*) Grigsby was
9  instructed to resubmit the appeal along with property receipts, the administrative-segregation
10 lock-up order, and the Institutional Classification Committee chrono, but the appeal was never
11 resubmitted. (*Id.*) This procedurally defective appeal does not satisfy the exhaustion
12 requirement. *Woodford*, 126 S. Ct. at 2382. No additional appeals were submitted for informal,
13 first-level, or second-level review, or reviewed at the third level between July 10, 2005, the date
14 Grigsby alleges that he was placed in administrative segregation, and October 11, 2005, fifteen
15 working days after the September 19, 2005 disciplinary hearing concerning the issues raised in
16 Grigsby's Eighth Amendment claim. (Decl. Wilber ¶ 5; Decl. Grannis ¶¶ 5-11.)

17        Grigsby alleges that he appealed to the highest level available to him, referencing appeal
18 number P-06-01937. (Compl. at 2.) Inmate appeal number 06-01937, however, was not related
19 to the conditions Grigsby alleges he experienced while in administrative segregation. Rather,
20 appeal number 06-01937 regarded: 1) the calculation of Grigsby's Minimum Eligible Release
21 Date (MERD); 2) Grigsby being found guilty of a July 10, 2005 Rules Violation Report for
22 Battery on a Peace Officer with Serious Injury when a December 29, 2005 Classification
23 Services Representative review allegedly was of the opinion that the findings did not support the
24 charge of 'serious injury'; 3) Grigsby's claim that the charge of Battery on a Peace Officer with
25 Serious Injury could not result in a Security Housing Unit (SHU) term assessment; and 4)
26 Grigsby's allegation that the initial SHU term was inaccurate and that therefore all subsequent
27 MERD dates were incorrect. (Decl. Grannis ¶ 9.) Although this appeal concerned the same July
28 10, 2005 Rules Violation Report for Battery on a Peace Officer that resulted in Grigsby's

placement in administrative segregation, it does not address his alleged denial of a mattress, toilet paper, linens, shoes, non pepper-sprayed clothing, or writing supplies while he was in administrative segregation. Thus, the fact that Grigsby received a third-level decision for appeal number 06-01937 is not relevant to the exhaustion of his Eighth Amendment claim.

Because Grigsby did not receive a decision at the third, Director's level, regarding the issues of his Eighth Amendment claim he did not exhaust his administrative remedies. There was still an administrative process available to Grigsby. And proper exhaustion of administrative remedies is required. *Woodford,* 126 S. Ct. at 2382.

### B.  Grigsby Did Not Exhaust His Administrative Remedies for the Due-Process Claim.

Grigsby alleges that he was denied an investigative employee and staff assistant to help him prepare a defense, and the opportunity to present witnesses during the September 19, 2005 disciplinary hearing. (Compl. ¶ 44.) Grigsby also did not exhaust his available administrative remedies for this due-process claim. Grigsby submitted appeal number PBSP-S-05-02610 concerning, in part, his alleged denial of an adequate investigative employee and staff assistant during the disciplinary hearing on September 19, 2005. (Decl. Wilber ¶ 6.) This appeal was denied at the first level of review, and Grigsby did not submit it for second or third-level review. (*Id.*) Grigsby also submitted appeal number PBSP-A-05-02690, which concerned, in part, his alleged denial of witnesses during the September 19, 2005 disciplinary hearing. (*Id.* ¶ 7.) Appeal number PBSP-A-05-02690 was partially granted at the second level of review, but the portion of his appeal concerning witnesses during the disciplinary hearing was denied. (*Id.*) Grigsby did not submit appeal number PBSP-A-05-02690 for third-level review. (*Id.*) No additional appeals were submitted concerning Grigsby's alleged due-process violation during the September 19, 2005 disciplinary hearing for informal, first-level, or second-level review between September 19, 2005 and October 11, 2005. Also no appeals were accepted for third-level review concerning this alleged due-process violation between September 19, 2005, and May 15, 2007. (Decl. Grannis ¶¶ 5-11.)

Grigsby claims to have appealed to the highest level, citing appeal number P-06-01937.

Defs.' Notice Mot., Mot. Dismiss & Mem. P. & A.

*J. Grigsby v. Horel, et al.*
C 07-2566 CRB

5

(Compl. at 2.) Although this appeal concerns issues stemming from the same September 19, 2005 disciplinary hearing, it does not specifically address the denial of an investigative employee, staff assistant, or ability to call witnesses during the disciplinary hearing, which are the issues of Grigsby's due-process claim. (*See* Argument II(A).) Thus, the fact that Grigsby received a third-level decision for appeal number P-06-01937 is not relevant to exhaustion of his due-process claim.

Grigsby did not receive a decision at the third, Director's level, on the issues of his due-process claim, and therefore he did not exhaust his administrative remedies. There was still an administrative process available to Grigsby, and exhaustion is mandatory. *Woodford*, 126 S. Ct. at 2382.

## CONCLUSION

Grigsby failed to administratively exhaust his administrative remedies before filing this action. Thus, Defendants' respectfully request that the Court dismiss Grigsby's complaint without prejudice under 42 U.S.C. § 1997e(a).

Dated: November 26, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

JENNIFER J. NYGAARD
Deputy Attorney General
Attorneys for Defendants F. Jacquez, G. Stewart, M. Foss, D. Bradbury, K. Cruse, B. Samples, R. Graves, N. Threm, J. Browman, P. Smith, and R. Horel

20112736.wpd
SF2007200773

Defs.' Notice Mot., Mot. Dismiss & Mem. P. & A.        *J. Grigsby v. Horel, et al.*
                                                       C 07-2566 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **J.W. Grigsby v. Horel, et al.**                                    No.: **C 07-2566 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 26, 2007</u>, I served the attached

1. DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES

2. DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (W/EXHIBITS A-F)

3. DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (W/EXHIBITS A-G)

4. [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jonathan Grigsby
T-61830
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020
   *In Pro Se*
   *T-61830*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 26, 2007, at San Francisco, California.

|  S. Redd  |  *S. Redd*  |
|-----------|-------------|
|  Declarant  |  Signature  |

40189775.wpd