EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
JENNIFER J. NYGAARD, State Bar No. 229494
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5577
  Fax:  (415) 703-5843
  Email:  Jennifer.Nygaard@doj.ca.gov

Attorneys for Defendants F. Jacquez, G. Stewart, M. Foss, D. Bradbury, K. Cruse, B. Samples, R. Graves, N. Threm, J. Browman, P. Smith, and R. Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN W. GRIGSBY,<br><br>                        Plaintiff,<br><br>v.<br><br>ROBERT HOREL, et al.,<br><br>                        Defendants. | C 07-2566 CRB<br><br>**DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, C. Wilber, declare as follows:

1. I am the Appeals Coordinator at Pelican Bay State Prison (PBSP).  My responsibilities include receiving, screening, logging, routing, and assigning appeals submitted by inmates to the appeals office.  I have held this position since October 4, 2006, and have worked for the California Department of Corrections and Rehabilitation (CDCR) for nearly 14 years.  I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

///

Decl. C. Wilber Supp. Defs.' Mot. Dismiss      J. Grigsby v. Horel, et al.<br>
C 07-2566 CRB

1

2. When an inmate appeal is received in the appeals office, a record of that appeal is kept. The record indicates the date the appeal was received in the appeals office, the action or issue being appealed, and whether the appeal was processed or screened out. This record is kept for every appeal received.

3. Appeals may be screened out for a number of reasons, including appeals that were not timely filed within fifteen working days of the event being appealed, and appeals that do not contain adequate documentation. When an appeal is screened out, the original appeal is returned to the inmate with an Inmate/Parolee Disciplinary Screening Form. No appeal number is assigned. We do not keep a copy of the appeal form or the Inmate/Parolee Disciplinary Screening Form at this point in the process due to the workload this would create during the formal resolution of appeals. Appeals are not copied until they are completed at the first-formal level of review.

4. The computerized Inmate/Parolee Appeals Tracking System keeps a record of each inmate appeal. I have reviewed the record of appeals submitted by Jonathan Grigsby, CDCR #T61830, at PBSP. Attached as Exhibit A is a true and correct copy of this record. I have also reviewed screens of information on my computer, which are part of the database used to compile the report but which I am unable to print.

5. My review indicates that the following six appeals were received from inmate Grigsby between July 10, 2005, the date inmate Grigsby alleges in his Complaint that he was placed in administrative segregation, and October 11, 2005, fifteen working days after the September 19, 2005 disciplinary hearing:

- Appeal number PBSP-05-01994, in which Grigsby complained that while in administrative segregation he "wasn't entitled to anything" for eleven days and was wearing pepper-sprayed clothes, was received August 16, 2005. This appeal was withdrawn by Grigsby, and was not resubmitted. A true and correct copy of appeal number PBSP-05-01994 is attached as Exhibit B.

///
///

- Appeal number PBSP-S-05-02229, which concerned Grigsby's canteen access, was withdrawn because Grigsby refused to sign a rights and responsibilities statement. A true and correct copy of appeal number PBSP-S-05-02229, without the confidential supplement, is attached as Exhibit C.

- An appeal received September 8, 2005, regarding the issue of custody/classification was denied at the informal level. It was submitted for first-level review, but screened out because it was not the proper subject for an appeal as no adverse affect was demonstrated.

- Appeal PBSP-S-05-02443, concerning a mental health assessment, was denied at both the informal and first-level of review. A true and correct copy of appeal number PBSP-S-05-02443 is attached as Exhibit D.

- An appeal received August 18, 2005, concerning a medical issue, was screened out because it was missing documentation.

- An appeal received September 23, 2005, concerning Grigsby's placement in administrative segregation and property, was screened out on October 6, 2005, because it was missing documentation. Grigsby was instructed to resubmit the appeal along with property receipts, his administrative-segregation lock-up order, and the Institutional Classification Committee chrono. The appeal was never resubmitted.

6. Grigsby submitted appeal number PBSP-S-05-02610 concerning, in part, his alleged denial of adequate assistance by an investigative employee and staff assistant during a disciplinary hearing. Although Grigsby indicates the disciplinary hearing was on September 20, 2005, it appears to be about the September 19, 2005 disciplinary hearing. This appeal was denied at the first level of review, and Grigsby did not submit it for further review at the second or third level. A true and correct copy of appeal number PBSP-S-05-02610, without the confidential supplement to the first-level appeal response, is attached as Exhibit E.

///

///

///

Decl. C. Wilber Supp. Defs.' Mot. Dismiss

*J. Grigsby v. Horel, et al.*
C 07-2566 CRB

3

1     7. Grigsby submitted appeal number PBSP-A-05-02690, which concerned, in part, his alleged denial of witnesses during the September 19, 2005 disciplinary hearing. Appeal number PBSP-A-05-02690 was partially granted at the second level of review, but the portion of his appeal concerning witnesses during the disciplinary hearing was denied. Grigsby did not submit appeal number PBSP-A-05-02690 for third-level review. A true and correct copy of appeal number PBSP-S-05-02690 is attached as Exhibit F.

    I declare that the foregoing is true and correct, executed this date, November 16, 2007, in Crescent City, California.

                                                                                  C. Wilber

20112798.wpd

SF2007200773

Decl. C. Wilber Supp. Defs.' Mot. Dismiss         J. Grigsby v. Horel, et al.
C 07-2566 CRB

4