# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAR 28 2006

In re: Grigsby, T-61830
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0507354    Local Log No.: PBSP 05-02720

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S05-09-0026, dated September 21, 2005, for "Harassment," a Division "F" offense. He alleges that the material utilized to implicate him is erroneous and that the disciplinary reports are not sufficient to substantiate the charges. The appellant states that the investigation of the RVR was inadequate. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

II    SECOND LEVEL'S ARGUMENT: The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On September 21, 2005, the appellant shouted, rude, disrespectful, obscene comments toward the reporting employee. He had harassed her in the same manner as documented on previous occasions. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant was not assigned an Investigative Employee (IE) to assist him in gathering of evidence. The appellant did not meet the criteria for the assignment of an IE. The appellant did not meet the criteria for the assignment of a Staff Assistant. The reporting employee was requested by the appellant to be present at the hearing, which was granted by the SHO. The appellant waived that any other witnesses be present at the hearing.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

    A. FINDINGS: The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

    B. BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

    C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: DEC 0 6 2005

Inmate GRIGSBY, T-61830
Pelican Bay State Prison
Facility A, Administrative Segregation
Building 1, Cell 123

RE: WARDEN'S LEVEL DECISION
APPEAL LOG NO. PBSP-S-05-02720

APPEAL: PARTIALLY GRANTED
ISSUE: DISCIPLINARY
LOG #: S05-09-0026

This matter was reviewed by RICHARD J. KIRKLAND, Warden, at Pelican Bay State Prison (PBSP). On November 29, 2005, Correctional Counselor II P. Somera conducted the interview at the Second Level of Review.

### ISSUES

Inmate Grigsby is requesting to know what happened to his complaint against the Licensed Clinical Social Worker (LCSW) B. Davis and to have the Rules Violation Report (RVR) dismissed.

### FINDINGS

#### I

The inmate alleges in his Appeal that he did not harass LCSW B. Davis. The inmate states that he asked her why he hadn't received a Mental Health Assessment for a RVR he received and stated that she informed him that, "Sacramento said you can't have a mental health assessment." The inmate states he told her that she was part of the problem and that he was filing a complaint against her. The inmate alleges he filed a complaint against her and never received a log number or an interview regarding her lying to him. The inmate states that he was found guilty of the RVR due to a bias and prejudice hearing and even with a defense and witnesses he was discriminated against.

#### II

The Second Level Reviewer interviewed the inmate relative to his Appeal issue. The inmate alleges that the RVR has false information, that he did not call LCSW B. Davis any names stating that other inmate's call her names whenever she comes into the section. Although it was explained to the inmate that a Mental Health Assessment is not required and that requirement is not determined by the Mental Health Staff, but by the reviewing supervisor, the inmate is insistent that LCSW B. Davis stated that only he would not receive one; therefore, he made the assumption that all other inmate's received them but him. The inmate states he does not understand how he could get an RVR for Harassment and stated he wanted the definition of harassment. The inmate restated that he filed a staff complaint against LCSW B. Davis that has not been processed. The inmate was asked if he had any due process issues regarding the RVR and he stated that his due process was violated because he was denied witnesses.

Supplement Page 2
GRIGSBY, T-61830
Appeal # PBSP-S-05-02720

## DETERMINATION OF ISSUE

The inmate gives conflicting statements by first stating in his appeal that even with witnesses he was discriminated against but then in the interview claims that he was denied witnesses. Per the RVR the inmate requested the reporting staff member as a witness and this request was granted. The inmate provided no evidence to support his verbal statement that he was denied witnesses.

The inmate provided no evidence that the RVR contains false information. The inmate stated in his interview that other inmate's call LCSW B. Davis names whenever she is in the section and also stated at his hearing that everybody "cusses" her but him. It should be noted that while the Reviewer was interviewing the inmate at his cell door, LCSW B. Davis came into the section to see the inmates assigned to her caseload. The other inmates were not calling her names as the inmate alleges happens when ever she comes into the section and the inmates appeared to be conversing with the LCSW in a respectful manner. The inmate provided no evidence to support his allegation that the RVR contained false information.

The California Code of Regulations, Title 15, Section 3320(l), requires that any finding of guilt be based upon a determination by the official conducting the hearing that a preponderance of evidence submitted at the hearing substantiates the charge. It was determined by the Hearing Officer that there was preponderance of evidence to support the charge and finding of guilt. The inmate has provided no additional information or evidence that his procedural or due process requirements were violated.

The inmate's request to know what happened to his complaint against LCSW B. Davis is GRANTED. The inmate submitted an appeal to LCSW B. Davis dated August 14, 2005. The inmate was dissatisfied with the response and sent it to the Appeals Office where it was logged as #S-05-02443. This appeal was not processed as a staff complaint and is pending a response at the First Level of Review. The inmate's request to have the RVR dismissed is DENIED.

This APPEAL IS PARTIALLY GRANTED.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

RICHARD J. KIRKLAND
Warden
Pelican Bay State Prison

PLS #19 11/29/05

SHU (APPEAL #5) 10-20-05

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: **PBSP**   1. _____
Log No.: **S05-02720**   2. _____
Category: **1/7**
S05-09-0026

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Jonathan Grigsby     NUMBER: T-61830     ASSIGNMENT: _____     UNIT/ROOM NUMBER: A1-123L

**A. Describe Problem:** First off I've never harass the women Ms. Davis? On or about 8-10-05 I ask her making her walk through if she knew why I hadn't had a mental health assessment for my assault on peace officer and I'm in mental health program and told my psychologist Mr. Butler I'm having issues and is there something going to happen to me? Ms. Davis out of her mouth said Sacramento said you can't have a mental health assessment. When she said that I told her is was telling a lie and that she is not part of the solution she part the problem? And I told her

If you need more space, attach one additional sheet.

**B. Action Requested:** I'm got to know what happen to my complaint against this women and there was no evidence but her word against mine I want this dropped and taking out of my c-file? If I harass her why no other reports? 2 times us having a disagreement is harass.

Inmate/Parolee Signature: Jonathan Grigsby     Date Submitted: 10-20-05

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____ BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                           Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 10/21/05    Due Date: 12/7/05

☐ See Attached Letter

Signature: _____ Date Completed: 11/29/05

Warden/Superintendent Signature: M. Castellas    Date Returned to Inmate: 12/6/05

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

(A)

I was filing a inmate complaint on Davis 8-14-05 you telling me Sacramento said I dont need a assessment and later I dont fit the guide lines? After I submitted the inmate complaint Ms. Davis didnt come over in A1 for over 3 wks to month doing her regular walk throughs. Around 8-17-05 I went to suicide watch on on that day got into a debate about my assessement again. Thats when she gave me this blank mental health assessment sheet? Then right before I got this 128 from her 3 weeks later I got a 115 saying I harass her? I never got a log number or interview regarding her lying to me, and now Im guilty of by a bias and prejudice 115 hearing which even with a deafense and witnesses Ive been discriminated against. Why and how can I file a complaint on a employee here and nothing be done?

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | S05-09-0026 | PBSP | 10/14/05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E. REPORT    ☐ OTHER

**Hearing:** The hearing was convened on 10-14-05, at approximately 1015 hours when I introduced myself to GRIGSBY as the Hearing Officer for this disciplinary. GRIGSBY stated he was in good health with normal vision and hearing. GRIGSBY acknowledged that he received a copy of the following document more than 24 hours in advance of the hearing: CDC-115. This report as well as the disciplinary charge of HARASSMENT was reviewed with GRIGSBY in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The inmate was not served with his copy of the disciplinary report within 15 days of discovery but the hearing was held within 30 days of service. Per CCR 3383(d), an authorized State of Emergency was imposed at this institution effective with 6-23-05 and continuing through 9-27-05 suspending all time constraints during that period. This was explained to the inmate in the hearing and notice of this State of Emergency was posted as notice to any inmates with pending disciplinaries. For this reason, time constraints were not violated and credit forfeiture remains available. Per CCR 3320(f)(5), the hearing officer finds this delay did not prejudice the inmate.

**Staff Assistant:** Per the CDC 115-A, GRIGSBY has requested assignment of a Staff Assistant. In the hearing, GRIGSBY stated that he had requested assignment of a Staff Assistant for the following reason: No reason. Staff Assistant will not be assigned as the SHO is satisfied that GRIGSBY speaks sufficient English, is literate enough to understand the disciplinary reports, the issues are not complex and a confidential relationship is not required.

**Investigative Employee:** An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, GRIGSBY has not requested IE assignment.

**Request for Witnesses:** GRIGSBY requested only the Reporting Employee as a witness. Request granted.

**Video and photo evidence:** There was no video or photo evidence used in this hearing.

**Plea:** Not guilty.

**Hearing testimony:** GRIGSBY gave the following testimony as his defense: "I didn't harass her. On 8-12-05 I argued with her regarding a Mental Health Evaluation issue. Everybody cusses this woman out, but I didn't."

**Finding:** Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(O)) HARASSMENT OF ANOTHER PERSON, GROUP, OR ENTITY EITHER DIRECTLY OR INDIRECTLY THROUGH THE USE OF THE MAIL OR OTHER MEANS. *Harassment* means a willful course of conduct directed at a specific person, group, or entity that seriously alarms, annoys or terrorizes that person, group, or entity and which serves no legitimate purpose. This offense requires evidence that this course of conduct was a deliberate choice. This offense requires that any reasonable person would anticipate that the result of this course of conduct would alarm, annoy or terrorize the victim. If the inmate claims a legitimate purpose for this misconduct, this offense remains appropriate with evidence that this purpose could have been obtained without causing serious alarm, annoyance or terror. This finding is based upon the following preponderance of evidence:

A. The testimony of the Reporting Employee in the disciplinary report of 9-21-05 wherein LCSW B. Davis Testifies that, "Inmate GRIGSBY, T-61830, AS1-123L, began to shout obscenities at me. He continued to shout rude, disrespectful, obscene comments out at me while I was attempting to perform my duties at another inmates cell door. This diatribe

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| C.E. WILBER | Correctional Lieutenant | 10/14/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| ✓ | | 10-20-05 | 1232 |

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | S05-09-0026 | PBSP | 10/14/05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER

included insults: "You're an idiot." "You're a motherfucker." "You're a motherfucking bitch." This did not stop until I left the unit. This inmate has harassed me in the same manner on previous occasions. See documents dated 8/12/05, 8/16/05 in the Unit Health Record, also on 8/16/05 a CDC 128-A was issued. His behavior interfered with my ability to perform my assigned duties. It should be noted that I have dealt with GRIGSBY in the past concerning his conduct and as stated, he has been counseled by me before on numerous occasions."

The preponderance of evidence in this hearing supports a finding of GUILTY to the charge of HARASSMENT, a **SHUable offense.** GRIGSBY's repeated and continued outbursts are affecting the clinician's ability to perform her duties. It is clear that GRIGSBY makes a clear deliberate choice to alarm, annoy and terrorize this employee whenever given the opportunity.

**Disposition:** Assessed 30 day credit forfeiture for this Div. F offense. GRIGSBY was informed that his credit restoration period began 9-22-05 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. **REFERRED TO CLASSIFICATION FOR EVALUATION OF A SHU TERM.** Appeal rights were explained. GRIGSBY was referred to CCR §3084.1 and following for additional information on appeal procedures.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| C.E. WILBER | Correctional Lieutenant | 10/14/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | | 10-20-05 | 1232 |

## REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report RVR), CDC 115, has been written on the following inmate, who requires a mental health assessment.

Inmate Name: _____ CDC Number _____

RVR Log Number: _____ Date of Violation: _____ Housing: _____

Specific Act Charged: _____

The inmate's current Mental Health Level of Care is: (check one)
[ ] NOT IN MHSDS PROGRAM*    [ ] CCCMS*    [ ] EOP    [ ] MHCB    [ ] DMH
*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR "BIZARRE, UNUSUAL OR UNCHARACTERISTIC" BEHAVIOR.

Sent to Mental Health: _____ By: _____ / _____
                            Date                     Print Name                  Signature

Return this form to: **PSU** By: **ASAP** (CCCMS and non-MHSDS, 5 Working Days; EOP/MHCB/DMH, 15 Calender Days)

### MENTAL HEALTH CLINICIAN
Use "Lay Terms" for responses

Conducted non-confidential interview: _____ (Inmate informed of non-confidentiality).
                                              Date

1. CCCMS/NON MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant? [ ] Yes   [ ] No   Explain "yes" response _____
_____
_____

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR? [ ] Yes   [ ] No   Explain "yes" response _____
_____

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty? [ ]   [ ] No   Explain "yes" response _____
_____

| Institution: | Clinician: | Signature: | Date: |
|---|---|---|---|
| Received by (Custody Staff)   Name: | | Signature: | Date: |

Distribution:   Original:   Central File with Adjudicated CDC 115:   First copy:   Unit Health Record:   Second copy:   Inmate

Inmate Name:
(Last, First, MI)

**RULES VIOLATION REPORT:**
**MENTAL HEALTH ASSESSMENT**
**CDC 115-X (11/02)**

CDC Number:
DOB:

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
                                                                                             CDC 128 A (8-87)

NAME and NUMBER    GRIGSBY         T-61830         AS1-223

On 08/16/05, at approximately 0900 hours, while I was assigned as Case Manager to Ad Seg, I was leaving the rotunda area of AS1 when Inmate GRIGSBY, T-61830, AS1-223L (who was in the holding cell) began to verbally attack me. Though I was attempting to leave the area, he continued until the yard door was opened for me. A few select words stated by GRIGSBY are as follows: "You stupid bitch. I'm taking your punk ass all of the way to the state board. I've sent you a staff compliant and you bitch probably put it in the trash. If you did, I have copies. You bitch." This inmate made similar comments to me on 08/12/05 while I was attempting to provide mental health services to this inmate.

Original: C-File
    CC: AWC
        CC I
        Inmate

B. Davis, LCSW
Facility 'A'/Second Watch
PBSP

DATE    08/16/05                                                                CUSTODIAL COUNSELING

STATE OF CALIFORNIA                                                                   DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T-61830 | GRIGSBY | EPRD 01/19/16 | PBSP | AS1-123L | S05-09-0026 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(a) | HARASSMENT | AS1 C-SECT. | 09/21/05 | 1340 HRS |

**CIRCUMSTANCES**

On 09/21/05, at approximately 1340 hours, while I was assigned as Ad Seg CCCMS Clinical Case Manager, managing a CCCMS case in AS1, Inmate GRIGSBY, T-61830, AS1-123L, began to shout obscenities at me. He continued to shout rude, disrespectful, obscene comments out at me while I was attempting to perform my duties at another inmate's cell door, AS1-125. This diatribe included insults:"You're an idiot." "You're a motherfucker." "You motherfucking bitch." And he did not stop until I left the housing unit. This inmate has harassed me in this same manner on previous occasions. See documents dated 08/12/05, 08/16/05 in UHR, also on 08/16/05 a CDC-128-A was issued. This diatribe of insults of misconduct can not be tolerated. his behavior interfered with my ability to perform my assigned duties. it should be noted that I have dealt with GRIGSBY in the past concerning his conduct and as stated, he has been counseled by me before on numerous occasions.

D. Roy LCSW 4 B. Davis

REPORTING EMPLOYEE (Typed Name and Signature): B. DAVIS, LICENSED CLINICAL SOCIAL WORKER
DATE: 10.8.05
ASSIGNMENT: AD SEG
RDO'S: S/S/M

REVIEWING SUPERVISOR'S SIGNATURE: Akin
DATE: 10/7/05

CLASSIFIED: ☒ SERIOUS   OFFENSE DIVISION: F   DATE: 10/7/05
CLASSIFIED BY: (signature)
HEARING REFERRED TO: ☒ SHO

☒ CDC 115   BY: (STAFF'S SIGNATURE)   DATE: 10/7/05   TIME: 1145

**HEARING**

This inmate is NOT EOP or Crisis Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a Mental Health Assessment is NOT required.

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA   SEE ATTACHED CDC-115-C

ACTION BY: (TYPED NAME): LT. C.E. WILBER, SENIOR HEARING OFFICER
SIGNATURE   DATE: 10/14/05   TIME: 1015

REVIEWED BY: P.T. SMITH, FACILITY "A" CAPTAIN   DATE: 10/17/05
CHIEF DISCIPLINARY OFFICER'S SIGNATURE: F. JACQUEZ, A.W.G.P.   DATE: 10/17/05

☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING   BY: (STAFF'S SIGNATURE)   DATE: 10/7/05   TIME: 1735

CDC 115 (7/88)

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| D-61830 | GRIGSBY | 3005(a) | 09/21/05 | PBSP | S05-09-0026 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.   INMATE'S SIGNATURE ▶   DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.   INMATE'S SIGNATURE ▶   DATE

DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION

☐ I REVOKE my request for postponement.   INMATE'S SIGNATURE ▶   DATE

### STAFF ASSISTANT

STAFF ASSISTANT
☒ REQUESTED   ☐ WAIVED BY INMATE
☒ ASSIGNED   DATE 10/1/05   NAME OF STAFF C.W. BUTLER   C.W.
☒ NOT ASSIGNED   REASON: DNMC PER CCR 3315(d)(2) HS DIPLOMA.

INMATE'S SIGNATURE ▶ Jonathan Grigsby   DATE 10-6-05

### INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED   ☒ WAIVED BY INMATE
☐ ASSIGNED   DATE    NAME OF STAFF
☒ NOT ASSIGNED   REASON: DNMC PER CCR 3315(d)(1)

INMATE'S SIGNATURE ▶ Jonathan Grigsby   DATE 10-6-0

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶    DATE

☒ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE) ▶   TIME 1145   DATE 10/7/05

CDC 115-A (7/88)   If additional space is required use supplemental pages