# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001



# DIRECTOR'S LEVEL APPEAL DECISION

Date:   JUL 27 2006

In re:  Grigsby, T-61830
        Pelican Bay State Prison
        P.O. Box 7000
        Crescent City, CA 95531-7000

IAB Case No.: 0513632          Local Log No.: PBSP 06-00696

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S06-02-0003, dated February 1, 2006, for "Harassment through Mail or Other Means," a Division "F" offense. He alleges that the material utilized to implicate him is erroneous and that the disciplinary reports are not sufficient to substantiate the charges. The appellant states that the investigation of the RVR was inadequate. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

**II  SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On February 1, 2006, the appellant became belligerent, rude and demanding toward the reporting employee. His conduct constituted harassment and was the fifth time he had done so, receiving prior disciplinary action for that misbehavior. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant was not assigned an Investigative Employee (IE) to assist him in gathering of evidence. The appellant did not meet the criteria for the assignment of an IE. The appellant did not meet the criteria for the assignment of a Staff Assistant. The reporting employee was requested by the appellant to be present at the hearing, which was granted by the SHO. The appellant waived that any other witnesses be present at the hearing. The appellant refused to attend the hearing; therefore, the proceedings were conducted in his absence and a "not guilty" plea was entered on his behalf.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  A. **FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

  B. **BASIS FOR THE DECISION:**
  California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

  C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, PBSP
     Appeals Coordinator, PBSP

APPEALS FILE

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: 5/12/06

Inmate GRIGSBY, T-61830
Pelican Bay State Prison
Facility A, Administrative Segregation Unit II
Building 1, Cell 126

RE: WARDEN'S LEVEL DECISION  
    APPEAL LOG NO. PBSP-P-06-00696

APPEAL: DENIED  
ISSUE: DISCIPLINARY  
Log # S06-02-0003

This matter was reviewed by MARK D. CASTELLAW, Warden (A), at Pelican Bay State Prison (PBSP). B Samples, Correctional Counselor II, interviewed the inmate on May 3, 2006, at the Second Level of Appeal Review

### ISSUES

Inmate Grigsby requests dismissal of the disciplinary.

### FINDINGS

I

On February 1, 2006, the inmate was issued a disciplinary for Harassment through Mail or Other Means and was subsequently found guilty of the charge. However, he disputes the finding since a mental health assessment was not completed as required and claims he was never given the opportunity to attend the hearing.

The circumstances of the offense involved the inmate demanding to see B. Davis, Licensed Clinical Social Worker at his cell front. However, she referred him to his assigned case manager at which time he became belligerent, yelling out rude and demanding statements. The clinician indicated that the inmate has harassed her multiple times in the past.

II

During the appeal interview, the inmate acknowledged that he was designated as requiring the Correctional Clinical Case Management Services (CCCMS) level of mental health care at the time the offense occurred. However, due to the unusual circumstances he believes he should have been referred for a mental health assessment as part of the disciplinary process. The inmate was advised that the Reviewing Supervisor, Lieutenant K. Thomas carefully evaluated the circumstances of the offense and determined that a mental health assessment was not required as the behavior was not deemed bizarre, unusual, or uncharacteristic. The inmate disputes a Lieutenant's qualifications to make such an assessment, and claims the decision should have been made by a mental health clinician.

III

The California Code of Regulations, Title 15, Section 3320 (g)(3) states the inmate shall be present at a disciplinary hearing unless he has waived the right to be present in writing.

Supplement Page 2
GRIGSBY, T-61830
Appeal # PBSP-P-06-00696

## DETERMINATION OF ISSUE

The inmate claims he was not given the opportunity to attend the disciplinary hearing, but this is contrary to information contained in the hearing summary which indicates that he was given the opportunity, but refused. A CDC 128-B dated March 10, 2006, signed by Correctional Officers S. George and M. Young further supports his refusal to participate in the hearing.

Additionally, there is no requirement that a mental health clinician must make the determination as to whether an inmate, who is designated as requiring the CCCMS level of mental health care, warrants a mental health assessment relative to a disciplinary matter. The Senior Hearing Officer concurred with the reviewing supervisor that a mental health assessment was not required as there was no compelling need based upon the circumstances given in the report.

As a result, a determination has been made that the inmate has failed to present evidence to warrant dismissal of the disciplinary, therefore; the APPEAL IS DENIED

## MODIFICATION ORDER

No modification of this action or decision is required.

M. D. CASTELLAW
Warden (A)
Pelican Bay State Prison

BDS #33 5-4-06

| INMATE/PAROLEE APPEAL FORM | Location | Institution | PBSP | Log No | P06-00696 | Category | 1-7 |
| CDC 602 (12/87) | | | | | | | S06-03-0003 |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jonathan, Grigsby | T-61830 | | B2-126 |

A. Describe Problem: On appeal 115 issued disposition 3-10-06 by M. Miller. He lied and C/O's George and Young lied I refused to go. I didn't received disposition until 3-21-06 on Tuesday and I asked PSU officers George and Young and they say they didn't remember. Evidence to show lies and prejudice reflects in CTC from 8-16-05 which I was MHCB level of care? letter dated 12/23/05 with Log #05-02443 is appeal that Chief Wendy Savill and Dr. Archambault acknowledge I was suppose to receive mental health assessed on 7/10/05 assault, ask Doctors, Davis

If you need more space, attach one additional sheet. (conti)

B. Action Requested: Because malice shown by Davis and staight proving by evidence 115's Dropped and taking out C-file taking to emergency special ICC for pressing issues new EPRD calculated and giving to me ASAP.

Inmate/Parolee Signature: Jonathan Grigsby      Date Submitted: 4-3-06

C. INFORMAL LEVEL (Date Received _____ )

Staff Response: *BYPASS*

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*BYPASS*

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.   CDC Appeal Number: _____

(Conti)                                                                April 3, 2006

never gave me 602 back but on 12/21/05 Dr. Archambault had 602 and acknowledged yes I was supposed to have (MHA) mental health assessment if you follow progress notes dates 8/8/05 to 8/14/05 note it states on 115 harassment (1st Time) on 8/12/05 I told Ms. Davis by progress notes we had words on 8/12/05 never noted documents on 8/12/05 (all progress notes) But tries to blame there change of meds reason but thats not issue. Real reason Ms. Davis told me I cant have (MHA) because Sac. said so? Note second document computer dated 8/12/05 meds changed and asking for (MHA) she still refuses? Note progress note 9/19/05-9/25/05 my inmate complaint 602 appeal was wrote 8/14/05? 9/21/05 115 by Davis noting issues above 4 eval. Still no response from Davis Also note ICC 1/4/06 reason for supposed harassment note ICC signed members of Committee members D. Davis committee member she refused to acknowledge that she screw up on 8/12/05 and I wrote her up for it 8/14/05 and Dr. Archambault is witness and lost with granted 602 havent seen it since 12/21/05 me asking for her to acknowledge mistakes from ICC on 1/4/06 isnt harassment when shes a committee member? And I never sent her mail or other means. Also no one said anything to me for reason and evidence showing I want time giving back and in special ICC for new CKPD also send log # ASAP taking out C-file

804 FAXED ON 02/03/06

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| T-61830 | GRIGSBY | | EPRD 10/20/17 | PBSP | AS1-204L | S06-02-000? |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| 3005(a) | | HARASSMENT THROUGH MAIL OR OTHER MEANS | | AD SEG | 02/01/06 | 0830 HRS |

CIRCUMSTANCES

On 02/01/06, at approximately 0830 hours, while I was assigned as Case Manager to Ad Seg 3CMS, during my morning professional duties, Inmate GRIGSBY, T-61830, AS1-204L, demanded to speak to me at his cell. I redirected him to his Case Manager assigned, C. Roy, LCSW. GRIGSBY became belligerent, yelling out rude and demanding statements. He continued to shout out at me as I performed my duties. Later, he began to confront me verbally as I was attempting to provide my duties in the rotunda area. This inmate harassed me in the same manner on previous occasions; see documents in the Unit Health Record dated 08/12/05, 08/16/05, also 08/16/05 a CDC-128-A and a CDC-115 for Harassment dated 09/21/05 and a CDC-128-A dated 11/23/05  It should be noted that I have counseled GRIGSBY in the past concerning his conduct.

This inmate is NOT EOP or Crisis Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a Mental Health Assessment is NOT required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ B. DAVIS, LICENSED CLINICAL SOCIAL WORKER | 2/7/06 | AD SEG | S/S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ P. Williams Sgt | 2-1-16 | DATE |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | F(3) | 2/7/2006 | ▶ K R Thomas | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | | | |

| ☐ INCIDENT REPORT LOG NUMBER | BY (STAFF'S SIGNATURE) | DATE | TIME | BY (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

Tuesday 3-21-06

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY (TYPED NAME) | | SIGNATURE | DATE | TIME |
| | | ▶ | | |
| REVIEWED BY (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | ▶ | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| T-61830 | GRIGSBY | 3005(a) | 02/01/06 | PBSP | S06-02-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution    INMATE'S SIGNATURE ▶    DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution    INMATE'S SIGNATURE ▶ N/A    DATE

DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION

☐ I REVOKE my request for postponement    INMATE'S SIGNATURE ▶    DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☒ REQUESTED    ☐ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ Jonathan Grigsby    DATE 2/8/06
☐ ASSIGNED    DATE    NAME OF STAFF    —N/A—
☒ NOT ASSIGNED    REASON: Does not meet 3315(d)(2) crit. title 15

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☒ REQUESTED    ☐ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ Jonathan Grigsby    DATE 2/8/06
☐ ASSIGNED    DATE    NAME OF STAFF    N/A
☒ NOT ASSIGNED    REASON: Does not meet 3315(d)(1) crit. title 15

EVIDENCE / INFORMATION REQUESTED BY INMATE: N/A

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

N/A

INVESTIGATOR'S SIGNATURE ▶    DATE

☒ COPY OF CDC 115-A GIVEN INMATE    BY (STAFF'S SIGNATURE) ▶    TIME    DATE

CDC 115-A (7/88)

— If additional space is required use supplemental pages —

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | S06-02-0003 | PBSP | 3/10/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF  ☐ CDC 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

**Hearing** On 3/10/06 at approximately 1250 hours, GRIGSBY was given the opportunity to attend this disciplinary hearing. GRIGSBY declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, GRIGSBY refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O GEORGE and C/O YOUNG) to his refusal was completed.

**District Attorney** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant.** Per the CDC 115-A, GRIGSBY has requested assignment of a Staff Assistant. As GRIGSBY has refused to attend the hearing, GRIGSBY has not provided any explanation for this request. Staff Assistant will not be assigned as the SHO is satisfied that GRIGSBY speaks sufficient English, is literate enough to understand the disciplinary reports, the issues are not complex and a confidential relationship is not required.

**Investigative Employee** An IE was not assigned as the issues are not complex, and the available information is sufficient. Per the CDC 115-A, GRIGSBY requested IE assignment. As the housing status of this inmate is restricted, I reviewed this request in the hearing. Request for IE assignment denied. While the inmate is in restricted housing, GRIGSBY has failed to show that an assigned IE would obtain any additional, relevant information required for his defense or that his housing restrictions prevent GRIGSBY from obtaining his own information.

**Witnesses** Per the CDC 115-A, GRIGSBY requested the Reporting Employee as a witness for this hearing. As GRIGSBY did not attend the hearing and the SHO had no questions for this employee, the witness request is deemed not necessary. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. GRIGSBY has provided no reason to believe that the witness might provide additional relevant testimony for this hearing. The SHO has no questions for this witness. Request denied.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| M L Miller | Correctional Lieutenant | 3/10/06 |

| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 3-17-06 | 0922 |

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | S06-02-0003 | PBSP | 3/10/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF  ☐ CDC 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

Video/photo evidence: Videotape evidence was not an issue for this hearing

As GRIGSBY did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 2/01/06.

Finding: Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(O)) HARASSMENT OF ANOTHER PERSON, GROUP, OR ENTITY EITHER DIRECTLY OR INDIRECTLY THROUGH THE USE OF THE MAIL OR OTHER MEANS. *Harassment* means a willful course of conduct directed at a specific person, group, or entity that seriously alarms, annoys or terrorizes that person, group, or entity and which serves no legitimate purpose. This offense requires evidence that this course of conduct was a deliberate choice. This offense requires that any reasonable person would anticipate that the result of this course of conduct would alarm, annoy or terrorize the victim. If the inmate claims a legitimate purpose for this misconduct, this offense remains appropriate with evidence that this purpose could have been obtained without causing serious alarm, annoyance or terror. This finding is based upon the following preponderance of evidence

A. The testimony of DR. B. DAVIS, LCSW in the disciplinary report of 2/01/06 wherein DAVIS testifies that GRIGSBY disrespected and harassed her. Davis documented that GRIGSBY and harassed her on numerous occasions in the past and refused to stop his assault of her verbally

Disposition: Assessed 30 day credit forfeiture for this Div. F offense. With this notice, GRIGSBY is informed that his credit restoration period began 2/02/06 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, GRIGSBY is referred to CCR §3084.1 for information on appeal procedures

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| M L Miller | Correctional Lieutenant | 3/10/06 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 3-17-06 | 0822 |

_ OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS

NAME Grigsby           NUMBER T-61830        HOUSING B2-126                              CDC-128B (Rev 4/74)

On 3-10-06, at approximately 1250 hours, inmate Grigsby , CDC Number T-61830 was afforded the opportunity to attend ☐ ICC, ☐ UCC, ☒ CDC 115 hearing for log number 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 and refused. This verification will be given to the appropriate classification committee or to the Senior Hearing Officer.

_____          c/o S.D. George            c/o S.D. George
Inmate Signature and CDC Number           Officer Signature           Officer Printed Name

☒ Place a checkmark if inmate refuses to sign

                                          c/o M. Young               M. Young
                                          Officer Signature           Officer Printed Name
DATE _____      PBSP/PSU/EOP                                INFORMATIVE CHRONO

| Chronological Interdisciplinary Progress Notes  State of California, Department of Corrections -Pelican Bay State Prison |
|---|

Date: 08-12-2005  Time: 0913  Chart available? YES  Reason for visit? EMERGENCY     Location of Visit: AS1

**S:**

| Entry By | Entry Dt/Tm | Notes |
|---|---|---|
| DAVIS, BRENDA | 08-12-2005 0914 | IM demanded I stop at his cell. He said that it had been over three weeks since he had received a CCM visit and he demanded one now. I asked him what the issues were and he provided me a copy of a 115 that included information that stated he would not be entitled to a mental health assessment for the 115, due to not meeting the criteria. He became very rude and demanding. This appeared to be fully related to ASPD rather than any other underlying mental health factor. He also demanded mitigation factors, stating further that his mental illness "should" give him the "right to be violent". Because the interview was not helpful or productive, I ended the interview and made note to CCM for review, if needed. IM is clear, organized, articulate, ASPD, using a demeaning tone to this CCM, rude, in a clean and tidy cell. Speech is clear, ST and LT memory in tact grossly, no depression or anxiety noted. Concerns expressed were situational and based on 115. Seeking mental health mitigating factors for possible custody actions or reduction in privilege loss resulting from 115 hearing. IM did not identify any mental health concerns at cell front. |

**O:** Appearance, Behavior, Speech, LOC, Orientation, Cognition, Memory, Concentration, Affect, Mood, Insight, Judgement, Thought processes and content, Suicidal and/or homicidal ideation

**A:** Diagnosis & Discussion
Treatment team's diagnosis per MH 2 *first*, then concur, purpose, etc... *with supportive dicussion* condition case formulation, data analyses, etc...

| Diagnosis | Axis | GAF | GAF Basis | Notes |
|---|---|---|---|---|
| 301.7 - ANTISOCIAL PERSONALITY | II | 70 | observation | |

| Entry By | Entry Dt/Tm | Notes |
|---|---|---|

☒ SEE PAGE 2

Signature:                    Print Name:                    Phd / LCSW / MD / PsyTech/ Other:

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTE MH3 (10/11/02) Confidential Client/Patient Information See W & I Code Section 5328 | Level of Care  INPATIENT  Outpatient | Last Name  JONATHAN  CDC# T61830 | First Name  GRIGSBY  HOUSE A01U223L | MI |

804 FAXED ON 09/23/05

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| T-61830 | GRIGSBY | | EPRD 01/19/16 | PBSP | AS1-123L | S05-09-0026 |
| VIOLATED RULE NO(S) | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| 3005(a) | HARASSMENT | | | AS1 C-SECT. | 09/21/05 | 1340 HRS |

CIRCUMSTANCES

On 09/21/05, at approximately 1340 hours, while I was assigned as Ad Seg CCCMS Clinical Case Manager, managing a CCCMS case in AS1, Inmate GRIGSBY, T-61830, AS1-123L, began to shout obscenities at me. He continued to shout rude, disrespectful, obscene comments out at me while I was attempting to perform my duties at another inmate's cell door, AS1-125. This diatribe included insults: "You're an idiot." "You're a motherfucker." "You motherfucking bitch." And he did not stop until I left the housing unit. This inmate has harassed me in this same manner on previous occasions. See documents dated 08/12/05, 08/16/05 in UHR, also on 08/16/05 a CDC-128-A was issued. This diatribe of insults of misconduct can not be tolerated. his behavior interfered with my ability to perform my assigned duties. it should be noted that I have dealt with GRIGSBY in the past concerning his conduct and as stated, he has been counseled by me before on numerous occasions.

REPORTING EMPLOYEE (Typed Name and Signature): B. DAVIS, LICENSED CLINICAL SOCIAL WORKER   DATE: 10/3/05   ASSIGNMENT: AD SEG   RDO'S: S/S/M

CLASSIFIED: ☒ SERIOUS   OFFENSE DIVISION: F   DATE: 10/7/05   HEARING REFERRED TO: ☒ SHO

HEARING

This inmate is NOT EOP or Crisis Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a Mental Health Assessment is NOT required.

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| T-61830 | GRIGSBY | 3005(a) | 09/21/05 | PBSP | S05-09-0026 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT     ☐ YES     ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution     INMATE'S SIGNATURE ▶                                     DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution     INMATE'S SIGNATURE ▶                                     DATE

DATE NOTICE OF OUTCOME RECEIVED          DISPOSITION

☐ I REVOKE my request for postponement     INMATE'S SIGNATURE ▶                                     DATE

## STAFF ASSISTANT

STAFF ASSISTANT                                         INMATE'S SIGNATURE ▶                                    DATE
☒ REQUESTED     ☐ WAIVED BY INMATE
☐ ASSIGNED     DATE          NAME OF STAFF
☐ NOT ASSIGNED     REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE                                  INMATE'S SIGNATURE ▶                                    DATE
☐ REQUESTED     ☒ WAIVED BY INMATE
☐ ASSIGNED     DATE          NAME OF STAFF
☒ NOT ASSIGNED     REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE     ☐ STAFF ASSISTANT     ☐ INVESTIGATIVE EMPLOYEE     ☐ OTHER _____     ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶                    DATE
                                                TIME          DATE

☐ COPY OF CDC 115-A GIVEN INMATE     BY (STAFF'S SIGNATURE) ▶

CDC 115-A (7/88)