# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    **MAR 1 6 2007**

In re:    Grigsby, T-61830
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0607469          Local Log No.: PBSP 06-01937

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that his rights have been violated in that he has been retained in the Pelican Bay State Prison (PBSP) Security Housing Unit (SHU) past his Minimum Eligible Release Date (MERD). The appellant asserts that PBSP did not calculate his MERD correctly. The appellant request copies of all documents relating to the calculation of his MERD, and he requests immediate release from the SHU.

II    SECOND LEVEL'S DECISION: The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The Second Level of Review (SLR) noted that the appellant has been provided copies of all documents relative to his confinement in the SHU. The SLR found that the Classification Staff Representative (CSR) deferred the appellant's case on December 29, 2005 and that the CSR concerns were addressed in the PBSP Institution Classification Committee (ICC) action of January 3, 2006. The appellants MERD of July 10, 2008 was approved by the CSR on February 3, 2006. On June 7, 2006 the PBSP ICC acted to forfeit 225 days of the appellant's good time credit based upon the appellant's disciplinary history while in the SHU. This resulted in a controlling MERD of February 29, 2009. The CSR approved this new MERD on July 26, 2006. The SLR found that the appellant's MERD is correctly calculated as February 29, 2009. The SLR denied the appeal.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR reviewed the appellant's CDC 629A SHU Term Assessment Worksheets and concurs that the appellants MERD has been calculated correctly. The appellant was provided a hand calculation of the MERD and was advised of the controlling regulations. The appellant was provided the CDC Form 128-G, Classification Chronos that documents the PBSP response to the CSR concerns relative to the appellant's CDC Form 115, Rules Violation Report. The appellant was provided copies of the CSR action in that the CSR approved of the PBSP action and the imposition of the SHU term with a MERD of February 29, 2009. The DLR notes that due to the appellant's misconduct in the SHU he was assessed a loss of credit which extended his MERD. Therefore no relief is provided at the DLR.

   B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000, 3001, 3270, 3335, 3341.5, 3375, 3375.3, 3376, 3380

   C.   ORDER: No changes or modifications are required by the institution.

GRIGSBY, T-61830
CASE NO. 0607469
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
        Appeals Coordinator, PBSP

C-FILE

| PELICAN BAY STATE PRISON |
| --- |
| SECOND LEVEL REVIEW |

DATE: **DEC 0 1 2006**

Inmate GRIGSBY, T61830
Pelican Bay State Prison
Facility B, Psychiatric Services Unit
Building 1, Cell 210

RE: WARDEN'S LEVEL DECISION                 APPEAL: DENIED
     APPEAL LOG NO. PBSP-P-06-01937          ISSUE: SEGREGATION HEARINGS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). During the last week of August 2006, J. Kasbohm, Correctional Counselor II (A), conducted the interview at the First Level of Review.

## ISSUES

Inmate Grigsby requests copies of documents relating to the calculation of his current Minimum Eligible Release Date (MERD) of February 25, 2009, as he contends that his Security Housing Unit (SHU) term is over and that he should be released to a mainline Enhanced Outpatient Program (EOP).

## FINDINGS

### I

The inmate alleges in his appeal that the initial SHU term with a MERD of July 10, 2008, was inaccurate; therefore, all subsequent MERD dates are in error. The inmate states that the Classification Staff Representative (CSR) review on December 29, 2005, was of the opinion that the findings did not support the charge of serious injury as described in Rules Violation Report (RVR) dated July 10, 2005, for Battery on a Peace Officer with Serious Injury (A-1 offense). The inmate contends that based on the CSR review, he cannot be found guilty of Battery on a Peace Officer with Serious Injury. Additionally, the inmate contends that this offense cannot result in a SHU term assessment of Assault on Non-inmate with Force or Violence Capable of Mortal Injury.

### II

The inmate was dissatisfied with the First Level Response, stating he disagreed with the processing of his appeal. The inmate states that the CDC Form 695, Inmate/Parole Appeals Screening Form, being issued to him resulted in the First Level Review response to not be within 30 working days. The inmate contends that the July 10, 2005 RVR should have been a Division B-1, reiterating that the CSR of December 29, 2005, was of the opinion that the injury did not support the charge of serious injury. The inmate contends that the injury was not serious. The inmate disputes that M. Cook, who was the CSR on February 3, 2006, was the Chief Deputy Warden (A), for the June 7, 2006 committee that took good conduct credit.

## DETERMINATION OF ISSUE

The California Code of Regulations (CCR), Title 15, Section 3341.5, Segregated Program Housing Units, states in part, *"Special housing units are designated for extended term programming of inmates not suited for general population. Placement into and release from these units requires approval by a CSR...*

Supplement Page 2
GRIGSBY, T61830
Appeal # PBSP-P-06-01937

*(b) Psychiatric Services Unit (PSU). An inmate with a diagnosed psychiatric disorder not requiring inpatient hospital care, whose conduct threatens the safety of the inmate or others, may be housed in a PSU if the inmate is capable of participating in the unit's activities without undue risk to the safety of the inmate or others in the unit. (c) SHU. An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in a SHU. (1) Assignment criteria: The inmate has been found guilty of an offense for which a determinate term of confinement has been assessed or is deemed to be a threat to the safety of others or the security of the institution."*

A thorough investigation was conducted at the First Level of Review. The Second Level Reviewer concurs with the findings. The inmate received copies of documents relating to the calculation of his MERD as evidenced by the attachments to the appeal. The CSR concerns of December 29, 2005, were addressed by Institutional Classification Committee (ICC) of January 3, 2006. The MERD of July 10, 2008, was reviewed and approved by the CSR on February 3, 2006. The SHU term was assessed appropriately per the SHU Term Assessment Chart listed in CCR, Title 15, Section 3341.5. On June 7, 2006, ICC acted to forfeit 225 days of good conduct credit based on the inmate's disciplinary behavior. This resulted in a controlling MERD of February 25, 2009, which was endorsed by the CSR on July 26, 2006. The adjusted MERD of February 25, 2009, is appropriate and the inmate's contention that his SHU term is over and he should be released back to the mainline EOP is without merit.

As evidenced by the documentation referenced in this appeal, the controlling MERD of February 25, 2009, is accurate and appropriately imposed. Therefore, this appeal is DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT #07        Date 11/15/06

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. IPBSP    2. _____

Log No. P06-01937

Category 2/4
6/7/06 SHU
Prelim Assessment

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Grigsby, Jonathan | NUMBER T-61830 | ASSIGNMENT | UNIT/ROOM NUMBER B1 210 |

A. Describe Problem: I went before deputy Warden Scavetta, Associate Warden Patten, CCII Linfor and barely ICC committee refuses to address my issue of me having a controlling M.E.R.D date of 2008 and then committee showing me inside my c-file exactly how a 2008 M.E.R.D date was calculated. From the initial 128 G dated 11/9/05 shows recommended endorsement of my Shu, which was rejected. Then 12/29/05 CSR states for record evidence doesn't support the charge of serious injury which was submitted again and on 128 G dated 1/4/06 its referred back to CSR for approval which brings me to my latest ICC

If you need more space, attach one additional sheet.

B. Action Requested: I want copies of a calculated M.E.R.D date of 2008 which know is 2009! By my exhibits evidence shows and says evidence doesn't support what ICC keeps recommending for a Shu term. Want to be placed in mainline E.O.P being I don't have a controlling M.E.R.D date? and Shu term is over.

Inmate/Parolee Signature: Jonathan Grigsby    Date Submitted: 7/5/06

C. INFORMAL LEVEL (Date Received:
Staff Response:    1) Don't remove exhibit 128 G dated 11/9/05, 12/29/05
1/4/06, 2/3/06, 6/7/06
Don't separate from appeal    7/26/06, and 4/5/06

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

First violation is 602 appeal is dated July 5, 2006 first level completed October 3, 2006 over 87 days for response? First because this is decision made by ICC 7-5-06 3084.6 Appeal time limits (e) First level response shall be completed with 30 working days. CCII Kisbahm did not give a reason for delay or proved good reason for

Signature: Jonathan Grigsby    Date Submitted: 10-8-06
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

JUL 0/7 2009    JUL 2 5 2006    17    1ST/AW/HCO
AUG 1 4 2006    INO APPEALS
OCT 1 6 2006    OCT 2 6 2006    19, 20

☐ Granted   ☐ P. Granted   ☐ Granted   ☒ Denied   ☐ Other

REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 8/14/06    Due Date: 9/26/06

Interviewed by _____

*Graham (Lt.)*

*see attached*

Title FC (A)    Date Completed 10/2/06
ACd    Date Returned 10/5/06 10-4-06
    Date to Inmate

☐ Dissatisfied? Explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

First violation of my rights as I sent this 602 appeal of committee hearing on July 5, 2006 this was not answered until 40 days after the incident was submitted August 14, 2006 then five C.F. violates on 695 form dated Oct 16, 2006 and Oct 24, 2006 as today to tell me to simply move section D to section F CFviolates 3084 3 levels cont SH?

Signature *Jonathan Brigolity*    Date Submitted 10/25/06

☐ Granted   ☐ P. Granted   ☐ Granted   ☒ Denied   ☐ Other

REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 10/26/06    Due Date: 11/28/06

☒ See Attached Letter

Signature _____    Date Completed _____
Warden/Superintendent Signature    Date Returned to Inmate 12-11-06

☐ Dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature _____    Date Submitted _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other
☐ See Attached Letter

Date _____

CDC 602 (12/87)

Section F continued

of appeal review and disposition (b) First formal level. All appeals shall be initially filed and accessed at first level. For appeals coordinator C. E. Wilber to screen me a blue 695 form telling me move section D to section F violates my rights under 3084.6 appeal time limits which states 3084.6 (2) First level response shall be completed within 30 working day from submitted date which was July 5, 2006 and hear today Oct 25, 2006 First level response was completed 112 days that is a severe and prejudice bias action telling me they will do and proceed how he wants to appeals coordinator Wilber! Also it shows that C. E. Wilber did not read my appeal and he did take exhibits use for evidence to show my argument have been removed that 128 G chrono's 11/9/05, 1/4/06? CSR chrono by D. Drennan Drennan dated 12/29/2005? J. Kosbohm and appeals coordinator C. E. Wilber do not address my 602 submitted on July 5, 2006 and doesn't answer any of the question I put forth in my appeal? On November 9, 2005 committee took action to give me a 48 month Shu term for RVR 7/10/05 that specific act assault upon I/on w/a weapon or force capeble of Mortal injury saying 128 G chrono thats a division A-1 offense and credit loss of 360 days loss credit? In title 15 book CCR. page 125 that offence is a B-1 and if you check page 115 Code of regulations in 3323 disciplinary credit forfeiture schedule (d)(A)(1)(2)(3) It states B division offense (d)(2) attempted or battery on a non prisoner is a progressive disciplinary credit loss 1st offense for battery 121-130 credit loss, 2nd offense 131-140 credit loss, 3rd offense battery 141-150 credit loss? Next is chrono by D. Drennan dated 12/29/2005 that specific states the resulting injury do not support the charge serious injury it clear as day in chrono also it ask by cse to refer case chief discipline officer? Which is why I wrote

over

DO:  T-61830      NAME:  GRIG: Jonathan           HSG:        ASU        CDC 128G (Rev. 12/91)

Custody:  MAX S       CS:  115 (IV)     D2/D EFF 7/10/05     Assignment:     ASU

relDate:   EPRD       Reclass:  7/2006           Action:     ASSESS 48-MO SHU TERM RVR DTD 7/10/05;
                                                      ASSESS 9-MO CC SHU TERM RVR DTD 8/15/05;
                                                        ASSESS 9-MO C/C SHU TERM RVR DTD 9/7/05;
                                                        (MERD 7/10/08); REFER CSR FOR AUDIT & RX TX
                                                        END FOR COR SHU/CCI SHU (CCCMS); ASSESS "S"
                                                        SUFFIX

*exhibit A*

mate Grigsby appeared before PBSP AD-SEG ICC on this date for SHU Assessment Review. Prior to ICC, C/O Hurt was assigned as staff assistant and as present during Committee, as S is CCCMS. An investigative employee was not required. Witnesses were not requested per CCR, Title 15, Sections 338(h) and (I). Committee notes S was placed in AD-SEG on 7/10/05, for the following reason(s): He Assaulted a Peace Officer. CDC 115 log# A05-07-0048 as issued and adjudicated. DA referral is pending. C-file reflects S was found guilty of the following:

RVR dated 7/10/05, log# A05-07-0048, CCR# 3005(c) a DIV-A1 offense, resulting in 360 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose a 48-month, initial, aggravated SHU term for ASLT Upon a Non-I/M w/a WPN or Force Capable of Mortal Injury, and refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 6/12/04, log# A05-06-0026. S's WG/PG will be D2/D effective 7/10/05, for duration of SHU term per PC 2933.6. The SHU term was not mitigated due to S's disciplinary history.

RVR dated 8/15/05, log# S05-08-0007, CCR# 3005(c), a DIV-F offense, resulting in 60 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose a 9-month, concurrent, aggravated SHU term for Threat to ASLT or Kill a Non-I/M, and refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 7/10/05, log# A05-07-0048. The SHU term was not mitigated due to S's prior disciplinary history. S's WG/PG will be D2/D effective 8/15/05, for period of credit forfeiture per CCR# 3045.1.

RVR dated 9/7/05, log# S05-09-0010, CCR# 3005(c), a DIV-B offense, resulting in 150 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose a 9-month, concurrent, aggravated SHU term for Threat to ASLT or Kill a Non-I/M, and refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 8/15/05, log# S05-08-0007. The SHU term was not mitigated due to S's disciplinary history. S's WG/PG will be D2/D effective 9/7/05, for period of credit forfeiture per CCR# 3045.1.

ntrolling MERD is 7/10/08. Committee acts to retain in AD-SEG pending DA action, referring this case to the CSR for audit of above SHU term, commending endorsement to COR/CCI SHU. ICC further notes S's transfer to an alternate facility can not occur until the Del Norte County DA releases erest in this case. In accordance with PC 2933.6, D2/D CES is established, effective 7/10/05, for duration of proposed MERD of 7/10/08. S participated in ommittee, acknowledged understanding, and disagreed with Committee action, stating, "Everywhere I go, this guy (Counselor Cruse) is trying to get me." C notes CDC 128C Madrid Exclusionary Chrono dated 7/13/05, denoting CCCMS level of care. S meets PBSP SHU exclusionary criteria. Staff ychologist D. Roy, Ph.D., was present during this Committee action. When S was questioned regarding his current mental health status, he advised mmittee he did not have Psych concerns at this time. S has been reviewed and assigned to the walk-alone yard. Committee acts to affix the "S" suffix, sed on Dr. Roy's recommendation and hostility displayed by S in Committee. S was advised of Committee's decision and his right to appeal, and that appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono ot. Next scheduled Committee will be in 2/2006, for 90-Day Review.

RPERSON:  F. JACQUEZ/CDW(A)       P. T. SMITH/FC           R. McKEAN/LT(A)        D. ROY/PH.D/PSY            RECORDER:  K. CRUSE/CCII(A)

☒ OBIS    ☒ CSR    ☐ IGI    ☐ PSYCH    ☐ MED    ☐ C&PR    ☐ OTHER _____                                    ☐ 128-C2 in C-file

mmittee Date:  11/9/05       (CRUSE/jw)       Classification       AD-SEG -ICC/REVIEW                              Inst:  PBSP

*exhibit B*

State of California

Department of Corrections
CDC 128-G

No.  T-61830                    NAME:  GRIGSBY

*Comment*:    **DEFERRED.**

- ➤ According to the RVR dated 7/10/05, the inmate was charged with Battery on a Peace Officer WITH Serious Injury (A-1).  However, the findings do not support the charge of "serious injury" to the officer. In the findings the SHO concluded *"that the result of the attack SHOULD have caused serious injury"*. The circumstances as described and the resulting injury do not support the charge.
- ➤ The CSR concerns noted on 128G, dated 8/9/05, have not been addressed.
- ➤ A Madrid chrono is required.

Please refer case to the CDO for appropriate action.
30 day ADSEG extension granted.  Return to a CSR by 1/29/06.

D Drennan, CSR

Date: 12/29/2005              Classification - CSR ACTION              PBSP

NO. T-61830       NAME: Grigsby, Johnathan                              CELL: A-1-123
CUSTODY: MAX/S    CS: 108    LEV: 4    WG/PG: D2/D  EFF: 7/10/05  ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16    NEXT REVIEW: 3/06

*exhibit C two page*
*1 & 2 attached*

**ACTION: Confirm SHU term assessment by ICC action of 11/9/05. Refer to CSR for audit. Retain in ASU pending CSR audit and DA action. MERD 7/10/08.**

Inmate Grigsby was reviewed by PBSP ICC on this date for a special review due to CSR deferral dated 12/29/05. Prior to ICC C/O P. Martinez was assigned as S's staff assistant as S is a participant in the Mental Health Delivery System at the CCCMS level of care. An investigative employee was not required. Witnesses were not requested per the Title 15 sections 3338 (h) and (i). Committee noted that S was placed into ASU on 7/10/05 as he battered a Peace Officer.

The CSR reviewed this case on 12/29/05 and noted three issues relative to ICC action of 11/9/05;
1. The SHO's findings on RVR dated 7/10/05 did not support the guilty finding for Battery on a Peace Officer with Serious injury. The CSR takes issue with the SHO statement that S's attack *should have caused serious injury.*
2. Prior CSR comments dated 8/9/05 relative to an adjustment to S's 829 had not been completed.
3. A Madrid chrono need to be included in central file.

CC addresses the CSR comments as follows;
1. Regarding issue #1 ICC notes that IR PBP-A02-05-07-0321 documents that the victim did receive several injuries as a result of S's attack. The victim's injuries were serious enough that they required care that was beyond the scope of normal first aid in that the Officer was transported to Sutter Coast Hospital as he required additional treatment. ICC notes that Title 15 section 3000 states "Serious injury means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring suturing; and disfigurement." It appears by the definition recorded in the Title 15 that the described injuries are not all inclusive of the definition of serious injury and allowed for some latitude on the part of the SHO. It is also noted that the SHO alluded to the viciousness of the inmates attack on the Officer. Stating in the preponderance of evidence, that it is reasonable to conclude that the Officer having been struck hard enough to be knocked off of his feet causing him to strike his head on the ground should have caused serious injury. ICC also notes that the victim in this incident was off from work from for the remainder of his shift on 7/10/05 through 7/19/05. This information was not part of the SHO's supporting information however clearly demonstrates the seriousness of the attack and the injuries inflicted. It is this Committees position that the injuries listed in the IR and RVR are sufficient to warrant serious bodily injury and or disfigurement noting the ½ inch cut to the nose, ¼ inch cut above right eye, small cut on corner of right eye, bleeding nose, the knocking loose of a tooth and a cut to his lower lip.
2. The CDC 839 has been corrected as recorded on CDC 128B dated 1/3/05.
3. A Madrid was chrono dated 7/13/05 is in the file and may have been overlooked by the CSR.

ased upon the aforementioned **ICC acts to refer this case back to the CSR, concurring with prior ICC ction of 11/9/05 relative to SHU term assessment.** ICC acts to withdraw the transfer recommendation as ansfer would be inappropriate given the possible DA action. ICC also acts to retain S in ASU as S present an unacceptable risk to the safety of prison staff if released to the GP noting the assessed MERD. C request a 180 day ASU extension as the Del Norte DA has not released interest in prosecution as of is date. LCSW B. Davis was present during ICC and stated that S did not have mental health issues at is time, however noted that S is PBSP excluded per the Madrid criteria. S is retained on single cell status r prior clinical recommendation, see ICC action of 11/9/05. S is approved for walk alone yard while used in ASU. S indicated that he disagreed with Committee action as the decision "I did not have any

STATE OF CALIFORNIA         PAGE #2 of 2.                           DEPARTMENT
OF CORRECTIONS Case 3:07-cv-02566-CRB  Document 46  Filed 11/26/2007   Page 12 of 24
CDC 128G (REV 2/96)

NO. T-61830     NAME: Grigsby, Johnathan                       CELL: A-1-123
CUSTODY: MAX/S   CS: 108   LEV: 4    WG/PG: D2/D  EFF: 7/10/05  ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16   NEXT REVIEW: 3/06

choice but too sock the cop, two cops threatened me. You want me to wait and be taken out of here in a body bag." S was also advised of his right to appeal this action if he so desired and that he must do so within 15 days of today whether he has received the CDC 128G Classification chrono or not. S was also advised that his next scheduled Committee will be in March of 2006.

COMMITTEE MEMBERS: Chairperson: F. Jaquez, CDW (A)      Recorder: K. Cruse CCI
              Member(s): B. Davis, LCSW          M. Smelosky Capt.

DATE: 1/4/06                                                        PBSP ICC

exhibit
D

State of California

Department of Corrections
CDC 128-G

No. T-61830          NAME: GRIGSBY

Comment:

Previous CSR concerns, as noted in CSR actions dated 12/29/05 and 8/9/05, have been addressed. Inmate requires CCCMS level of MHSDS care. CDC 128-C of 1/4/06 is noted. CDC 812 is noted. Confidential file is noted. Enemy at PBSP is noted. Staff are to continue to monitor enemy concerns and house accordingly. 'S' suffix is noted.

9 month aggravated concurrent SHU term for RVR of 9/7/05 for Threat to a Non-Inmate approved as assessed by ICC action of 11/9/05 and reaffirmed by ICC action of 1/4/06 with MERD of 7/10/08.

9 month aggravated concurrent SHU term for RVR of 8/15/05 for Threat to a Non-Inmate approved as assessed by ICC action of 11/9/05 and reaffirmed by ICC action of 1/4/06 with MERD of 7/10/08.

48 month aggravated SHU term for RVR of 7/10/05 for Battery on Staff with a Weapon or SBI approved as assessed by ICC action of 11/9/05 and reaffirmed by ICC action of 1/4/06 with MERD of 7/10/08.

**Retain pending resolution of District Attorney referral/Court action.**

M Cook, CSR

**Classification – CSR ACTION**                    **PBSP**

**Date: 2/3/2006**

No: T 61830    Name: GRIGSBY, Jonathan          Housing: B1 224
Cust: MAXS   CS: 119(PSU)  WG/PG: D2/D       Assign: PSU EOP MERD 2-25-09
Rel Date: EPRD 10-20-17(Max)   Reclass: 3-14-07(Ann)   Action: **Forfeit 225 Days Good Conduct Credits Re 5x RVRs**
                                                                    **Accept/Ret PBSP PSU Re MERD/EOP LOC**
                                                                    **Reaffirm Cust, WG/PG**
                                                                    **Ref CSR Rx Tx PBSP/SAC PSU**

*exhibit E*

S appeared before Pelican Bay State Prison (PBSP) Facility B, Psychiatric Services Unit (PSU), Institution Classification Committee (ICC) for Special Review. Prior to committee Correctional Counselor II (CCII), S. O'Dell was assigned as Staff Assistant and was present during committee. Committee effectively communicated with the S by use of simple English. Note CDC Form 128-C, Madrid Chronos, dated 3-8-06 and 6-7-06 indicating Enhanced Outpatient Program (EOP) Level Of Care (LOC), and the S does meet the court ordered criteria for exclusion from PBSP Security Housing Unit (SHU). S has an active Minimum Eligible Release Date (MERD) of 7-10-08, based on a 7-10-05 CDC 115, Rule Violation Report (RVR) and two other RVRs (concurrent SHU Terms) dated 8-15-05, and 9-7-05, both for threats. S received multiple RVRs since 7-10-05, in addition to the two previously noted. Committee notes a prior to committee CDC Form 114-D, Order and Hearing for Placement in Segregated Housing, dated 4-11-06. S was initially placed into Administrative Segregation Unit (ASU) status on 7-10-05 and the initial and continuing basis for retention, and CDC 114'Ds, were reviewed by ICC which found the ASU retention was consistent with current departmental policies and procedures. S was in PBSP PSU until moved to PBSP ASU on 4-13-06 as Correctional Clinical Case Management System (CCCMS) LOC. S was returned to EOP LOC per CDC Form 128-C, Medical Chrono dated 5-24-06. S was returned to PBSP PSU on 5-27-06, due to SHU Term (S/T) or MERD and need for EOP LOC. S is not endorsed by the Classification Services Representative (CSR) for PBSP PSU or permanent SHU placement. S has no crimes that fall under Penal Code (PC) 667.5 and it was determined S does not meet criteria for automatic application of the Mandatory Minimum Score Factor Code (MMSFC) and Violence (VIO) Exclusion, administrative Determinate. S has no enemies at PBSP, but does have one enemy at SAC. The S adamantly insisted he has received no responses to his communications, and has received no paperwork imposing the 7-10-05 RVR related S/T or MERD. S contends that a CSR deferred and overturned the 7-10-05 RVR and MERD. Personal contact with S was accomplished, prior to committee, and staff assured S was in possession (5-27-06) of all documents relevant to his issues, and all issues discussed. In addition, ICC this date, clearly explained case factors to S. The 7-10-05 RVR and MERD were endorsed by a CSR 2-3-06 and re-affirmed by the 5-17-06 CSR. All prior issues were resolved.

**Committee acts to: reaffirm custody as MAXS (Single Cell, Per PBSP PSU Policy), with Work/Privilege Group (WG/PG) as D2/D; accept and retain S in PBSP PSU due to MERD and EOP LOC; forfeit 45 days of S's SHU term Good Conduct Credits (GCC) due to RVR dated 8-1-05; forfeit 45 days of S's SHU term GCC due to RVR dated 9-21-05; forfeit 45 days of S's SHU term GCC due to RVR dated 11-16-05; forfeit 45 days of S's SHU term GCC due to RVR dated 2-1-06; and forfeit 45 days of S's SHU term GCC due to RVR dated 3-27-06; refer the S's case to the CSR recommending (Rx) institution transfer (Tx) to PBSP PSU with alternate Rx of SAC PSU. This is an adverse transfer, and upon transfer S's Custody and WG/PG shall be MAXS, D2/D.**

This action was with the recommendation and agreement of clinical mental health care staff in order to enhance S's mental health care needs. The Staff Mental Health Clinician, who was a participant in this committee, confirmed the S's LOC to be EOP. The Staff Mental Health Clinician indicated S has a Poor degree of participation in the Mental Health Program. The Staff Mental Health Clinician determined the S is capable of understanding and participating in the classification hearing. The Clinician recommended to the committee chairperson, the S should continue EOP LOC.

Case factors may be reviewed in CDC Form 128-G, Classification Chrono dated 1-22-03. S is from Los Angeles (LA) County. S is not foreign born. There are no arsons, or sex offenses noted. Hold noted relates to in-custody offenses in Del Norte County. Escape history include 12-5-89 conviction for escape from LA County Jail. Disciplinary history includes last RVR dated 3-27-06 for disruptions, with prior RVRs for assaults on staff/inmates, delaying a Peace Officer (P/O), disobeying orders, disruptive, harassment, escape, and threats. Committee notes S has in excess of 4 SHU Terms and is eligible for SHU Indeterminate at completion of MERD. S is NCF per CDC Form 128-C2, Clark Medical Chrono dated 7-29-02. TB Code is 22 per CDC Form 128-C, dated 5-3-06. Education level is noted as General Education Diploma (GED). CDC Form 812, Notice Of Critical Case Information-Safety Of Persons does reflect enemies, with gang/TIP association of Rolling 40's Crip, and moniker noted as "Cisco". S's confidential portion of his C-File is noted and was reviewed. County of Last Legal Residence (CLLR) is LA. C. Patten, Facility Captain (F/C), indicated to S that if disciplinary free from 3-28-06 to 3-28-07, without RVRs or CDC 128-A Counseling Chrono s, he would be considered for suspension of his S/T or MERD, under the one additional condition that he could properly represent himself in front of the ICC. S's appeal rights were explained and the S acknowledged understanding of committee's actions and agrees with the action. S is advised that any appeal of the Committee action must be submitted to PBSP Appeals Office within 15 working days of date of committee, whether S has received his copy of CDC Form 128-G, Classification Chrono or not. Penal Code (PC) 2930 and PC 2933 complied with.

Com. Memb: _____       _____

Chair: M.A. Cook CDW(A)    C. Patten F/C    Recorder: R. A. Linfor, CCII    Clinician: L. Jensen Ph.D.
Dist: ☒ C-File (Original)  ☒ Inmate  ☒ CCII  ☐ OBIS  ☒ CSR  ☐ IGI  ☐ PSYCH  ☐ MED  ☐ C&PR  ☐ OTHER
Date: 6-7-06                              Classification Chrono                      PBSP Fac. B  PSU
                                         **Special PSU Review**                     RAL PSU Disk #37 (T61830.Doc)

State of California         *Exhibit F*                Department of Corrections
                                                                          CDC 128-G

No. T-61830                    **NAME:**   GRIGSBY

*Comment*:     **PBSP-PSU endorsed to complete a determinate SHU term. CS = 119.**

SHU placement is to complete a determinate term with current **controlling MERD 2/25/09**. Inmate requires EOP level of MHSDS care. CDC 128-C of 5/24/06 and Madrid chrono of 6/7/06 are noted. DO NOT TRANSPORT WITHOUT CSU TELETYPE APPROVAL. Inmate is NCF per CDC 128-C2 of 7/29/02. TB Code is 22. CDC 812 is noted. Confidential file is noted. Prior CSR concerns of 4/5/06 have been addressed. Updated CDC 114D of 4/13/06 was noted.

ICC of 6/7/06 acted to forfeit a total of 225 days good conduct credits as noted below resulting in a **controlling MERD of 2/25/09**
8/1/05: 45 days good credits forfeited resulting in a MERD of 8/25/06.
9/21/05: 45 days good credits forfeited resulting in a MERD of 10/10/08
11/16/05: 45 days good credits forfeited resulting in a MERD of 11/25/08
2/1/06: 45 days good credits forfeited resulting in a MERD of 1/10/09
3/27/06: 45 days good credits forfeited resulting in a MERD of 2/25/09.

**Casework follow-up:** Instant Offense of Robbery and RVR of 7/10/05 (Division A-1 offense) require a case by case review for VIO (violence) administrative determinant.

**Retention in ASU is approved pending transfer.**

                            M Scott, CSR

Date: **7/26/2006**                      **Classification - CSR ACTION**                    **PBSP**

State of California                 (Confidential) restricted G            Department of Corrections
                                                                              CDC 128-G

No. T-61830                    NAME:  GRIGSBY

*Comment*:    **REFERRED TO CDW**

Case was referred by UCC action of 3/8/06 for PBSP-PSU due to active MERD.  Case is referred to the CDW to
return to UCC noting the following concerns:

- UCC action of 3/8/06 states subject is "currently endorsed for PBSP-PSU" which is not accurate.  Previous
  CSR action of 2/3/06 approved retention in ASU due to active MERD of 7/10/08 with pending DA/court
  action and noted subject was at the CCCMS level of MHSDS care.  Subject's last CSR endorsement is dated
  1/8/03 for PBSP-IV.
- Only an ICC has the authority to refer a case for transfer or placement in a SHU or PSU.  UCC does not have
  this authority.
- Subject has been moved to PSU prior to CSR endorsement which is not in compliance with CCR 3341.5.
- Transfer from ASU to PSU and request for endorsement to PSU requires a new CDC 114D.  Please issue a
  CDC 114D and return to ICC for appropriate action.

Subject is at the EOP level of MHSDS care per CDC 128C of 3/8/06.

**Please return to CSR no later than 6/4/06 with update.**

M Cook, CSR

Date:  4/5/2006                    Classification  - CSR ACTION                    PBSP

FIRST LEVEL APPEAL RESPONSE    *Today receive back 10/25/06*

DATE:                    October 3, 2006

APPEAL LOG NUMBER: PBSP-P-06-01937

INMATE:    GRIGSBY

CDC NUMBER:    T-61830.

APPEAL DECISION: DENIED

APPEAL ISSUE:    (Modified)

Inmate GRIGSBY requests copies of documents relating to the calculation of his current Minimum Eligible Release Date (MERD) of 02/25/2009, as he contends his Security Housing Unit (SHU) term is over and that he should be released to a mainline Enhanced Outpatient Program (EOP).

Further, GRIGSBY takes issue with the fact that a Classification Services Representative (CSR) review dated 12/29/2005 was of the opinion that findings did not support the charge of 'serious injury' as described in a Rules Violation Report (RVR) dated 7/10/2005 charging GRIGSBY with Battery on a Peace Officer with Serious Injury (A-1). GRIGSBY contends that based on the CSR review document he cannot be found guilty of Battery on a Peace Officer with Serious Injury.

Additionally, GRIGSBY contends the charge of Battery on a Peace Officer with Serious Injury, a Division A-1 offense, cannot result in a SHU term assessment of Assault on Non-Inmate with Force or Violence Capable of Mortal Injury.

Lastly, GRIGSBY contends the initial SHU term with a MERD of 7/10/2008 was inaccurate; therefore, all subsequent MERD dates are in error.

**FINDINGS:**
During the last week of August 2006, J. Kasbohm, CCII (A), interviewed GRIGSBY in a Holding Cell in the rotunda of Pelican Bay State Prison (PBSP) Facility B, Building 1. The appeal issue as modified, referenced above, was essentially GRIGSBY's version of his complaint as presented to Ms. Kasbohm.

Per CDC 128G dated 2/3/2006, GRIGSBY was endorsed with an active MERD of 7/10/2008. On 6/7/2006, ICC acted to forfeit a total of 225 days good conduct credits, resulting in a controlling MERD of 2/25/2009, as endorsed by Classification Services Representative (CSR) on 7/26/2006.

Appeal Log # P-06-01937
Page 2

Inmate GRIGSBY requests copies of documents relating to the calculation of his current MERD of 02/25/2009, as he contends his SHU term is over and he should be released to a mainline EOP. As evidenced by the attachments to GRIGSBY's CDC 602 Appeal dated 7/5/2006, GRIGSBY has been afforded a copy of all relevant classification actions in the determination of his current MERD. GRIGSBY's current adjusted MERD of 2/25/2009 is appropriate and was endorsed by CSR on 7/26/06. GRIGSBY is appropriately housed in (PBSP) Psychiatric Services Unit (PSU) on a determinate SHU term.

GRIGSBY takes issue with the fact that a CSR review dated 12/29/2005 was of the opinion that findings did not support the charge of 'serious injury' as described in a Rules Violation Report (RVR) dated 7/10/2005, charging GRIGSBY with Battery on a Peace Officer with Serious Injury (A-1). GRIGSBY contends that based on the CSR review document, he cannot be found guilty of Battery on a Peace Officer with Serious Injury. On 1/4/06 GRIGSBY appeared before ICC for a Special Review to address the concerns expressed by the CSR review of 12/29/2005. The ICC documented in detail the rationale to support the charge of serious injury. On 2/3/2006 GRIGSBY's case was again reviewed by the CSR, who noted the previous CSR concern of 12/29/2005 had been addressed by the ICC of 1/4/2006. The CSR of 2/3/2006 endorsed the MERD of 7/10/2008 for Assault on Non-Inmate with Force or Violence Capable of Mortal Injury.

GRIGSBY contends the charge of Battery on a Peace Officer with Serious Injury, a Division A-1 offense, cannot result in a SHU term assessment of Assault on Non-Inmate with Force or Violence Capable of Mortal Injury. During the interview with GRIGSBY, Ms. Kasbohm discussed this issue at length, found the confusion GRIGSBY has with this matter, and attempted to clarify this issue as follows:

GRIGSBY correctly stated the SHU Term Assessment Chart at (A) 1 is Homicide: Murder, attempted murder, etc. GRIGSBY further stated that he was not found guilty of Murder; therefore, his SHU Term is not accurate. Ms. Kasbohm attempted to explain the Division A-1 part of his Rule Violation was separate and apart from the SHU Term Assessment. The Title 15, Disciplinary Credit Forfeiture Schedule, Section 3323, (b) Division "A-1" offenses lists (3) Battery Causing Serious Injury. Using the SHU Term Assessment Chart, the offense of Battery Causing Serious Injury, results in (B) Violence Against Persons: 1. Assault on a Non-Inmate with a Weapon or Physical Force Capable of Causing Mortal or Serious Injury; not (A) 1 Homicide.

GRIGSBY contends the initial SHU term with a MERD of 7/10/2008 was inaccurate; therefore, all subsequent MERD dates are in error. CSR action of 2/3/2006 endorsed the initial MERD of 7/10/2008. ICC of 6/7/2006 acted to forfeit a total of 225 days good conduct credits, resulting in a controlling MERD of 2/25/2009 as endorsed by CSR on 7/26/2006.

Appeal Log # P-06-01937
Page 3

**DETERMINATION OF ISSUE:**
A thorough review of this appeal was conducted. GRIGSBY is appropriately housed in PSU on determinate SHU segregation. Housing an inmate on a determinate SHU term is governed by California Code of Regulations, Title 15, Section 3341.5, Segregated Program Housing Units, which establishes in part, "*Special housing units are designated for extended term programming of inmates not suited for general population. Placement and release from these units requires approval by CSR*" (emphasis added). As established above, this criteria has been met.

Further, Title 15, Section 3341.5 (c) 1 establishes, "*An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in SHU.*" "*Assignment criteria. The inmate has been found guilty of an offense for which a determinate term of confinement has been assessed or is deemed to be a threat to the safety of others or the security of the institution*" (emphasis added). GRIGSBY meets these criteria for placement in PSU.

Specifically, the rules and regulations regarding implementation of determinate SHU terms are outlined at Title 15, Section 3341.5 (B) 1 through 6, Determinate SHU Segregation. As evidenced by the documentation referenced above, and the SHU Assessment Worksheets contained in GRIGSBY's Central File and attached as Exhibits, the controlling MERD of 2/25/09 is accurate and has been appropriately imposed.

GRIGSBY's appeal is DENIED.


D. BRADBURY                    Date    10/2/06
Facility Captain (A)
Psychiatric Services Unit


M. A. SMELOSKY                 Date    10/2/06
Associate Warden
Health Care Operations

(A) Describe Problem  Continued

dated 7/5/06 and I should be E.O.P mainline because the latest 128 G states their still trying to recommend a A-1 offense which has been rejected for 365 days period. ICC committee cant hold me on assault with serious bodili injury and a M.E.R.D date of 2009 when committee cant show me how my Shu term was calculated when my offense doesnt fall under what is alleged and cant be shown to me on Shu term assessment chart? Showing a determinate confinement to PSU Shu. And the Shu term assessment worksheets submitted shows the lack of completing the worksheet to show how date was calculated. Not to mention first 3 worksheets dated 8/1/05, 9/21/05, 11/14/05 are past time constraints for time forfeited, these 3 115's. And worksheets 2/3/06, and 3/27/06 also shows time forfeited time constraints had expired to be able to take 45 days and if so its suppose to be documented on Form 958 and return to inmate. The following exhibits A, B, C, D, E shows my argument that Im alleging is true and correct under circumstances. I dont have any more exhibits or evidence because counsel Linfor refuses to allow me copies of needed documents that may be in my c-file

why my appeal was part-time constraints. Also, Ms. Kosbohm interviewed me on my appeal and she doesn't respond to questions presented to her. I was found guilty of assault with a SBI serious bodily injury but there no proof of a ~~service~~ serious injury? She also refuses to reput copies of 115 RVR of July 10, 2005 and lieutenant P. Terrys disposition that has fabricated testimony and due process violations? One violation is in Lt. Terrys disposition his says I received a copy of RVR within 15 days of incident. July 10, 2005 was incident day I received clear as day on RVR 115 on August 6, 2005 27 days, based on that fact no credit forfeiture is suppose to be taking. Also Lt. Terry denied me witnesses for no good apparent reason beside prejudice and bias. He had kicked me out for no reason and his also took 360 good days which because I was given RVR after 15 days wheather state of emergency or not no good time credits can be taking. Also because on date submitted July 5, 2006 D. Bradbury was appeal coordinator then turned Facility Captain over me and signed off denied on appeal just two months that a conflict of interest and need to redone over he cant sign off as Captain when he was first appeals coordinator. Also I had good time credits taking for 5 RVR's dated 8/1/05, 9/21/05, 11/16/05, 2/1/06, 3/27/06 which Lt. Wilber at these hearings took credits for? On June 7, 2006 I was given 5 additional 45 day credit forfeited making I had time taking twice? Kosbohm or Bradbury addressed that issue either. Because Kosbohm refused to put copies of exhibits back with compliant it would take to long to get copies out my c-file again for this appeal? 128 G chronos dated 12/29/05 shows CSR said evidence does not support the charge of serious bodily injury.


Action Requested: I want appeal chief to give me a explanation to my argument put forth and give back time taking because it was over 15 days? And based on credit takingon from ICC dated June 7, 2006 225 days taken Wilber when you were, Lt. on A-yard you took good time credits from, 9/21/05 11/16/05? 8/1/05, and 2/1/06, 3/27/06 also good time credits were already taking ... address this appeal based on you was Lt.

State of California                                                                                      Department of Corrections and Rehabilitation
                                                                                                                                CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: _Grigsby_                                    PBSP LOG NO: _____

CDC #: _T61830_ HOUSING: _B1210_          OTHER LOG #: _____

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ]  4.  In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor           [ ] PBSP R&R          [ ] Med Clinic        [ ] Records
[ ] Unit Officer        [ ] PSU Property      [ ] Dental Clinic     [ ] Inmate Assignments
[ ] Mail Room           [ ] PBSP SHU Prop.    [ ] Psych Office      [ ] PBSP Trust Office
[ ] Law Library         [ ] Food Services     [ ] Med Records       [ ] Plant Ops
[ ] Work Supervisor                           [ ] Other _____

[ ]  5.  You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts        [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview            [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo       [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report        [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports           [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order                 [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure       [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                      [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report                [ ] Proof of Ownership/Value
[ ] CDC 128-A _____                  [ ] More Specific Information
[ ] CDC 128-B _____                  [ ] Trust Statement
[✓] CDC 128-G _7-5-06_                      [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term          [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy             [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score        [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request            [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial         [ ] Failed to Complete Section _____
[ ] Other _____                  [ ] Sign & Date Section _____
                                           [ ] CDC Form 602 _____

[ ]  7.  The issue has been resolved, PBSP Appeal Log No. _____ A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

[ ]  8.  Abuse of the appeal procedure. _____

Comments: _You need to attach a copy of the_
_128G dated 7-5-06._

_____                              **AUG 1 0 2006**
D. W. BRADBURY                               Date
Appeals Coordinator

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting arguments against the screening decision.

## PERMANENT APPEAL ATTACHMENT   -   DO NOT REMOVE

JUL 2 5 2006                    PBSP    (Rev. 12/13)    CDC 1074(7/5)    PBSP

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: GRIGSBY          PBSP Log #:

Number: T 61830          Housing: B1-216

## YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a)   Your appeal has been screened out on _____ for _____
    [ ] (b)   Your appeal is being reviewed at the _____ Level, Log # _____
    [ ] (c)   Your appeal has been completed at the _____ Level, Log # _____

[ ] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[X] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c); 3084.3(c)(6), and 3084.6(c).

[ ] 8.   Abuse of the Appeal Process/Right to Appeal.
    [ ] (a)   Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [ ] (b)   Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [ ] (c)   Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
        [ ] (1)   Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
        [ ] (2)   Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [ ] (d)   Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
        [ ] (1)   Your appeal was screened out and returned to you with instructions.
    [ ] (e)   Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f)   This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.   Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: Icc Took place on 6/7/06. You Did Not submit your Appeal until 7/6/06.

_____          JUL 2 1 2006

D. W. BRADBURY          Date: _____
Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE
PBSP          (Rev. 02/06)          CCR-3084.3(d)          PBSP

JUL 0 7 2006

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: GRIGSBY                          PBSP LOG NO: _____

CDC #: T6183     HOUSING: B1 210       OTHER LOG #: _____

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ] 4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor          [ ] PBSP R&R          [ ] Med Clinic      [ ] Records
[ ] Unit Officer       [ ] PSU Property      [ ] Dental Clinic   [ ] Inmate Assignments
[ ] Mail Room          [ ] PBSP SHU Prop.    [ ] Psych Office    [ ] PBSP Trust Office
[ ] Law Library        [ ] Food Services     [ ] Med Records     [ ] Plant Ops
[ ] Work Supervisor                          [ ] Other

[X] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts          [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview              [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo         [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report         [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports             [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order                   [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure         [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                        [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report                  [ ] Proof of Ownership/Value
[ ] CDC 128-A _____                   [ ] More Specific Information
[ ] CDC 128-B _____                   [ ] Trust Statement
[ ] CDC 128-G _____                   [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term            [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy               [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score          [ ] CDC 1858(PC 148.6/CCR 3391(d) Info.Advis.
[ ] CDC 958 Restoration Request              [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial           [X] Failed to Complete Section   F
[ ] Other _____                       [X] Sign & Date Section   F
                                             [ ] CDC Form 602

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____  A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: SIMPLY MOVE SECTION D TO SECTION F.
_____

_____                    OCT 2 4 2006
C. E. WILBER                       Date
Appeals Coordinator

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting arguments against the screening decision.
**PERMANENT APPEAL ATTACHMENT   -   DO NOT REMOVE**
PBSP   (Rev. 10/06)   CCR 3084.3(c)   PBSP

OCT 1 8 2006