# EXHIBIT F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P O BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

MAY 18 2007

Date:

In re: Grigsby, T-61830
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No. 0611143    Local Log No.: PBSP 06-03230

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he did not receive his October and November issues of Stuff Magazine. The appellant states that he did receive the September and December issues and both issues had his CDCR number. It is contended that whoever wrote the responses to the appellant's CDC Form GA-22, Inmate Request for Interview, forms threw away his magazines. The appellant states that if his magazine did not have his CDCR number on it, then the policy or procedure has not been to throw away or recycle the appellant's paid for magazine. It is contended that inspector #15 or #17 is showing a disrespectful attitude and their conduct as an employee is not courteous. The appellant requests that a supervisor come and speak to him to see the treatment that the appellant is receiving regarding his magazines. It is also requested that the appellant receive a dollar value for his two (2) magazines in the amount of $8.00 and that a written reprimand is placed in the work record of the inspector, who refused to name themselves for violating the appellant's rights and property.

II  SECOND LEVEL'S DECISION: The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned PBSP staff. The First Level of Review (FLR) states that the appellant was interviewed on January 8, 2007, by Ms. P. Carrier, Office Services Supervisor I, regarding his appeal issues. The reviewer states that the appellant was informed that there is no way to track magazines that are not disallowed. The September, October, November and December 2006 issues of Stuff Magazine were allowed. The reviewer contends that if the institution received the magazines, they were forwarded to the appellant. The appellant was informed to write to the publisher and let them know that he did not receive his Stuff Magazine for October and November 2006. The reviewer indicated that the Pelican Bay State Prison (PBSP) Mailroom is not tampering with the appellant's mail, as the appellant implied during the interview. The FLR stated there will not be a reprimand to staff or any monetary award for the missing magazines. The Second Level of Review (SLR) quoted California Code of Regulations, Title 15, Section (CCR) 3193 as the regulation that applies to the appellant's appeal issues. The appellant alleges that staff intentionally failed to forward his two (2) issues of Stuff Magazine but does not provide any evidence to substantiate this claim. Based upon the aforementioned information, the Second Level of Review denied the appeal.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS: The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed CCR 3130, Mail/General Policy, CCR 3138, General Mail Regulations, and CCR 3193, Liability, and concurs with the assessment of the institution that the appellant's appeal issues have been appropriately and properly addressed. The examiner finds that it is the appellant's responsibility to notify the subscription department of his publications to locate, track or replace any missing issues. The institution indicates that a complete investigation was conducted regarding his complaint and all staff responsibly accepts accountability of inmate mail and is cognizant of all the policies, regulations and provisions of law governing inmate mail. The examiner also concurs with the institution that the appellant has not proven his contentions that PBSP staff were negligent in their duties and activities with regards to the delivery of his magazines to him. The appellant indicates that he wrote three (3) CDC

GRIGSBY, T-61830
CASE NO. 0611143
PAGE 2

Form GA-22 documents but failed to attach any of these documents to his appeal as proof, even after being informed of this at the SLR. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of his complaint. The examiner finds that the appellant has failed to secure any new or updated documentation and/or evidence that would substantiate his claim, therefore, justification for intervention at the Director's Level of Review has not been established.

B. **BASIS FOR THE DECISION:**
California Penal Code Section: 5058
CCR 3084.1, 3084.2, 3130, 3131, 3132, 3136, 3137, 3138, 3147, 3193

C. **ORDER:** No changes or modifications are required by the institution

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc   Warden, PBSP
     Appeals Coordinator, PBSP

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE:   FEB 1 6 2007

Inmate GRIGSBY, T-61830
Pelican Bay State Prison
Facility B, Psychiatric Services Unit
Building 1, Cell 215

RE:   WARDEN'S LEVEL DECISION                             APPEAL: DENIED
      APPEAL LOG NO. PBSP-P-06-03230                      ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). P. Carrier, Office Services Supervisor I, Mailroom interviewed the inmate on January 8, 2007, at the First Level of Appeal Review.

## ISSUES

The inmate requests to be issued his magazines or compensated for their loss.

## FINDINGS

### I

The inmate claims he was not issued his October and November issues of *Stuff* magazine alleging staff is intentionally mishandling his mail.

### II

The inmate was informed by the Mailroom Supervisor at the First Level of Review that October and November issues of *Stuff* magazine were not prohibited, therefore there is no means of tracking there whereabouts.

### III

California Code of Regulations Section 3193 (b) states the department does accept liability for the loss or destruction of inmate's personal property when it is established that such loss or destruction resulted from an employee action.

## DETERMINATION OF ISSUE

The inmate alleges staff intentionally failed to forward him two issues of Stuff magazine but provides no evidence to substantiate this claim. The department only assumes liability for an inmate's personal property when it has been established that its loss was a result of an employee action, therefore, the APPEAL IS DENIED.

Supplement Page 2
Grigsby, T-61830
Appeal # PBSP-P-06-03230

MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS #49 2-8-07

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: **[PBSP]**   Log No.: P06-03230   Category: 3/1

MISSING STUFF MAG OCT/NOV

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Jonathan Grigsby    NUMBER: T-61830    ASSIGNMENT:    UNIT/ROOM NUMBER: B1-205L

**A. Describe Problem:** I did not received October & November 2006 subscriptions to my stuff magazine? I did receive September and December and both issues had my name CDC number? So whom ever wrote the responses to these inmate request for interviews threw my magazines away? If my magazine did not have CDC number the policy or procedure has not been to throw away or recycle my paid for magazine, its to check a up-date roster of inmates housing and write my location on it. This inspector who is either number(s) 15 or 17 is showing a disrespectfull attitude and there conduct as a employee is not courteous

If you need more space, attach one additional sheet. (3 inmate request copys are evidence of my property)

**B. Action Requested:** I want supervisor to come speak to me and see the treatment I'm receiving my magazines? I want dollar value replaced for October & November issues of my magazines $8 dollars also want a written reprimand put in work record of the inspector who refuses to name themselve because there violating my rights and property what they done. go in service training

Inmate/Parolee Signature: Jonathan Grigsby    Date Submitted: 12/7/

**C. INFORMAL LEVEL** (Date Received: DEC 12 2006)  informal response from P. Carrill

Staff Response:

**BYPASS**

Staff Signature:    Date Returned to Inmate:

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature:    Date Submitted:
Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

1ST /AW-BS    2ND APPEALS
DEC 21 2006    JAN 19 2007

and showing professional dealings with inmates? Also the person who wrote the responses to these request shows they are using indecent and abusive handlings of my magazine. I will show the investigator how people in mail room are specificly handling my paid property in a disrespectful way. I know theres a record of when peoples magazine arrive at this prison to keep track so people cant lie and say they never got there magazines. I want the supervisor to come speak to me about this issue? Also I want supervisor to do her job and find out if the magazines ever made it out of mail room or did this disrespectfull smart mouth employee throw my stuff magazines away because this person is evil and lias and prejudice and its a form of reprisals for how your people in there handle confidential mail legal and I've filed a complaint against. Keep screwin over my mail if you want to I'm going to get your goofy A fired for f-ing with Federal U.S. Mail! So keep it up I dont give a ---- I know you and your people are foul and violating federal law.

I'll make it plain I want the mail room supervisor to find out how my two issue never reach me from time they got to her mail room? Who processed or wrote these response admitting mine were recycled. They need some type of training on how to deal with people, also I'm asking for a reprimand be placed in there work record? And if found out to have maliciously threw my magazines away and they had CDC number on them I'm going to make it my job to get that person fired for the abuse of authority over my mail. If your the Supervisor dont tell this person there wrong and cant just throw away my money! I dont know about the other 81 peoples stuff magazines you and them threw away! I'm going to do everything possible to get somebody fired for violating federal rule concerning U.S. Mail! You people arent above the law

OVER

## FIRST LEVEL APPEAL RESPONSE

RE:    PELICAN BAY STATE PRISON
Appeal Log Number PBSP-P06-03230

B-1,215

INMATE:    GRIGSBY    T-61830

**APPEAL DECISION:**

PARTIALLY GRANTED

**APPEAL ISSUE:**

I want supervisor to come to speak to me. I want $8.00 to replace October and November 2006 issues of Stuff magazine that are missing. I want a written reprimand in the work record of the mail inspector violating my rights.

**APPEAL RESPONSE:**

P. Carrier, Office Services Supervisor I, interviewed you on January 8, 2007, and explained to you that there is no way to track magazines that are not disallowed. The September, October, November, and December 2006 issues of Stuff Magazine were allowed. If we received them they were forwarded to you. P. Carrier suggested that you write to the publisher and let them know that you did not receive your Stuff magazines for October and November 2006.

The Pelican Bay State Prison's Mailroom staff is not tampering with your mail as you implied at the interview. The Mailroom staff is processing mail according to the guidelines set forth in the California Code of Regulations, Title 15, and Operational Procedure 205. There will not be a reprimand to staff or any monetary award for the missing magazines.

**FINDINGS:**

Based on the above, your appeal is **PARTIALLY GRANTED** at the First Level of Review. Your request for a supervisor to speak to you is GRANTED. Your requests to receive a monetary award and to have staff reprimanded are DENIED.

_____    1/9/07
TAMMY FOSS                    Date
Procurement and Services Officer II

_____    1/9/07
M. BEAN                       Date
Business Manager I
Business Services

Also is named as staff reviewer on log # P-06-028 pertaining to appeal and she sent 3rd party messenger c/o Fleming having him relay message my appeal was denied? Bonnie Samples ironically is on another appeal E-06-02888 for which she staff reviewer and she has not spoke to me on any of these mention appeals or interview me which is policy procedure according to 3084.5 Levels of Review and Disposition (b) First formal level. All appeals shall be initially filed and screened at the first level. Then today I receive another P-07-00021 this was filed 12-31-06 how is it my first level response is Feb. 20, 2007? And Bonnie Samples staff reviewer? Also this appeal signed by Tammy Foss Procurement and Service Officer II and M. Bean Business Manager I obviously did not see the 3 inmates dated 11-13-06, 11-16-06, 11-20-06 which a unidentified mail room worker said in regards to my Stuff magazines for October & November 2006 it was recycled for no CDC #? People receive mail with just CDC numbers all time for examp Chris Bulmer receive regular mail with just his name room number and it was received. Because I have 5 inmate appeals and Bonnie Samples has not staff reviewed me on any of them log# B-06-00728, S-06-00895, P-06-02891 E-06-02888, P-06-03230, B-06-00728 not one was she a reviewer which she was suppose to interview me? This citizen complaint filed on 12-7-06 cant be interviewed by the person the complaint is wrote against thats a conflict of interest and shows bias discrimination by appeals coordinator to constant violent policy procedure. Also the Division Head Approved is forged and shows a constant pattern of falsifying documents and signatures. Just allowing me to speak to Carrier and her to lie in my first time saying theres a record of stuff not being given to inmates? Then she said my magazines were recycled because of something inside these issues? Somebody is violating my constitutional rights under free speech 1st amendment and I'm asking for federal criminal charges be filed on whoever the person is who answered these inmate request I want their name in my second level review because this shows a pattern in mail room of Federal Law violations of U.S. mail and P. Carrier if she is guilty person or her subordinate they need to be named and fired and reprimand placed in there work record part of complaint process for 5 years.

Pointless verbage prohibited
CCR 3084.4(c)
B. Samples CCI
Appeals

**STATE OF CALIFORNIA**
**GA-22 (9/92)**

# INMATE REQUEST FOR INTERVIEW

**DEPARTMENT OF CORRECTIONS**

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 11/13/2006 | Mailroom Supervisor | Brigsby, Jonathan | T-61830 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM / TO | ASSIGNMENT HOURS FROM / TO |
|---|---|---|---|---|
| B1 | 310 | | | |

**OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)** Need y response ASAP

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I am a subscriber to Stuff Magazine and I never received my magazine for November 2006. I want to know is there a record of you receiving my November issue to Pelican Bay because I never received a copy of it. Also I did not receive my issue of October 2006 either. Is there a record if so tell me know they coming

**INTERVIEWED BY** _____ **DATE** NOV 16 2006

**DISPOSITION** The mailroom has record of 82 stuff mags received due to no CDC# on magazine. It was not denied and that would be the only way to track it.

# INMATE REQUEST FOR INTERVIEW

**STATE OF CALIFORNIA**
GA-22 (9/92)

**DEPARTMENT OF CORRECTIONS**

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 11/19/2006 | Mailroom Supervisor | Yngsdw, q | T-01830 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM / TO | ASSIGNMENT HOURS FROM / TO |
|---|---|---|---|---|
| B1 | 210 | mail appeal #3 | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

What is the problem with you people in mail room that you constantly open in error or say mail doesn't fit the criteria. How is it that my stuff msg for Sept 2006 had my name on it and Oct. 2006 Nov. 2006 you claim had no CDC number. How is it December 2006 has it? If you know - wow my paid for subscr

INTERVIEWED BY _____ DATE NOV 20 2006

DISPOSITION: We did not claim your magazine arrived without CDC#. We suggested it might have. I don't know what happened to stuff for Oct, Nov. 2006 without given me knowledge you would be paying for them. Also any other magazine looks fuck over. Keep it up your digging a hole cause your violating my property.

/s/

**STATE OF CALIFORNIA**
**GA-22 (9/92)**

## INMATE REQUEST FOR INTERVIEW

**DEPARTMENT OF CORRECTIONS**

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 11/20/2006 | Mailroom Supervisor | Bragow, S | T-61830 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM / TO | ASSIGNMENT HOURS FROM / TO |
|---|---|---|---|---|
| B1 | 210 | | | |

**OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)**
noted 4 response date appeal won #3

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I'm going to say this last time? You wrote a response to my request for my view saying you recycled 62 peoples stuff magazines who do you think you're talking too! Play wit your child I'm asking is there a log of October, Nov for www-2006 stuff magazines come in for me?

**INTERVIEWED BY** _____  **DATE** NOV 22 2006

**DISPOSITION**
Mailroom cannot identify inmates magazines without the CDC# on it. Those are the ones that get recycled. Stuff magazine for Oct & Nov both went in and no there is no log br anyway to track it