# EXHIBIT E

APPEALS FILE

FIRST LEVEL APPEAL RESPONSE

DATE: December 3, 2005

RE: Pelican Bay State Prison
Appeal Log # PBSP-S05-02610
First Level Reviewer's Response

INMATE: GRIGSBY, T-61830

APPEAL DECISION: DENIED/ NOT SUSTAINED

APPEAL ISSUE: (Modified)

GRIGSBY contends that when he went before Lieutenant (Lt.) P. Terry for a CDC-115 Hearing, he was not entitled to a Mental Health Assessment. GRIGSBY contends because he is a CCCMS inmate, he is entitled to the assessment. GRIGSBY expressed he has been attempting to get an "Olson Review" of his medical file for two months and has been unsuccessful. GRIGSBY alleges during the hearing of Rules Violation Report Number A05-07-0048, there was no psychologist present and Lt. Terry threatened him. GRIGSBY alleges Lt. Terry stated, "If I had my way I'd shoot you in the head with a 45 after I beat you unconscious." GRIGSBY alleges staff is trying to "set him up". GRIGSBY claims he is not well, hears voices, and acts on the direction of the voices.

GRIGSBY claims he is a Christian and requests single cell status until he receives a transfer to Lancaster State Prison. GRIGSBY feels staff is taking reprisals against him and believes devil-worshipping inmates are intentionally placed in his cell.

Correctional Sergeant (Sgt.) R. McKean was assigned to investigate this appeal at the First Level of Review.

FINDINGS:

On November 09, 2005, Sgt. McKean interviewed GRIGSBY regarding the contents of his appeal. GRIGSBY reiterated essentially the written contents of this appeal.

On November 10, 2005, Sgt. R. McKean interviewed Lt. Terry about this appeal.

In the event staff misconduct is sustained, the institution's Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

First Level Appeal Response
GRIGSBY, T-61830
PBSP-S05-02610
Page 2

**DETERMINATION OF ISSUE:**

In pursuit of the allegations contained in this appeal, a thorough review of the allegation presented in this complaint has been reviewed and completed at the first level. This complaint, to include its requested action, ha received careful consideration. Based on this review, all action requested to resolve this appeal is **DENIED**. Additionally the following determination has been made that GRIGSBY'S allegations of staff misconduct are **EXONERATED**. The facts that provided the basis for the complaint or allegation did in fact occur; however, review revealed the actions were justified, lawful, and proper.

_____  12/22/07          _____  12/22/05
P. T. SMITH                  Date               FRANCISCO JACQUEZ         Date
Facility Captain, Facility A                    Associate Warden, General Population

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

*Sept 20, 05 Lt Terry's [illegible]*

**STAFF COMPLAINT**

Location: Institution/Parole Region: **PBSP**   Log No. **S05-02610**   Category **7/i Lt. P TERRY**

1.
2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Jonathan Grigsby   NUMBER: T-61830   ASSIGNMENT:    UNIT/ROOM NUMBER: A1-123L

**A. Describe Problem:** First and for most for Lt. Terry to tell me Capt Smith said I dont get a mental health assessment and its required to all 3CMS inmates that a due process violation? Capt. Smith cant make psychological decisions for inmates in psch mental health care program and its document in my medical file which I've been trying to get closer review for 2 months to show prove but I've been ignored? So Lt. Terry telling me Capt Smith said I dont need one also needs to be addressed in answering this appeal! Now on Sept 20, 20 *conti sheet atch*

If you need more space, attach one additional sheet.

**B. Action Requested:** Because of due process violations and because I told Dr. Bittler of issues with officers a neglect to act on information giving now christian killed due to neglect I want single cell status and transfer to Techapa prison LANCASTER PRISON because fear reprisals (more) from officer and possible fight in cell again.

Inmate/Parolee Signature: Jonathan Grigsby    Date Submitted: 9-21-05

---

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

---

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

IST/AWCP
OCT 25 2005

First Level   ☐ Granted   ☒ P. Granted   ☒ Denied   ☐ Other _____ 10/25/05 Due Date: 12/9/05

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 10/25/05  Due Date: 12/9/05
Interviewed by: Lt. R. McKean on 11/9/05

_____

Staff Signature: R. McKean                     Title: Lt.           Date Completed: _____
Division Head Approved:                        Title: AWGP          Returned
Signature: _____                                                  Date to Inmate: 12/22/05

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

Signature: _____                              Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____  Due Date: _____
☐ See Attached Letter

Signature: _____                              Date Completed: _____
Warden/Superintendent Signature: _____        Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature: _____                              Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter                                             Date: _____

CDC 602 (12/87)

(A) <u>describe problem conti</u>. 115 Hearing Lt. Terry at 7AM in morning I was called out for 115 hearing RVR 05-07-0048. There was no psychiatrist or psychologist present which usually is, just 6 correctional officers? Lt. Terry said he was hear for hearing on my alleged assault on peace officer. I then said to Lt. Terry he not been able to put together a defense of the charge. Lt. Terry then threaten in front of whole 2nd watch shift here in ad. seg. on Sept 20, 2005 saying if I had it my way I'd shoot you in the head with a 45 after beat you unconscious? I then said to Lt. Terry I've no had a mental health assessment pertaining to this incident and Lt. Terrys response was Capt Smith said you dont need a mental health assessment saying am i ready do I want to make a statement? After Lt. Terry said hed beat me unconscious then shoot me in my head, I said your clansmen and this is kangaro meeting do whatever your going to do? I then said you cant have a 115 on without a mental health assessment on me first. Lt. Terry turn red then said do I wish to make a statement. I then said I told officers to move me I was having problems with officers the I wrote inmate complaint on C.O.'s Gutierrez, Campbell Lacy for harrassment and denying me my package and clerk at time Hoffman. Never heard or got resp then I saw my psychologist Dr. Butler who I told the were trying to move somebody in my cell and I said

police are trying to set-up me and I was hearing voice telling me kill or hurt whoever they put in my cell. Then C/o Gutierrez threaten me I was in fear for my life so I got at him before he could do anything to me. After I said that Lt. Terry started talking and provoking me to C/o Martinez said lets start over from the top then I said his acting like a racist then he told them take me out, was taking back to ad. seg cell 123. My due process rights have a fair and impartial hearing was violated from the start of Lt. Terry speaking to me. For example in 3318 of title 15 code of regulations for CDC Assistance to inmates for Serious Rule Violations (a) Investigative Employee (B) Gathers information (D) Screen prospective witnesses (for inmates?) Also (b) Staff Assistant (B) is suppose advise and assist in the inmates preparation for disciplinary hearing represent the inmates position at hearing, ensure that inmates position is understood, and that the inmate understands the decision reached! Also briefly 3317 section of title 15 (CCR) on An inmate shall be referred for a mental health evaluation prior to documented misbehavior on CDC form? Admendment and Relocation of rule or Update Title 15 is need for more rule regulation on the subject? Conti Pg. 2

Pg. 2  (A) describe problem Conti. Lt. Terry's Hearing. It always states in 3315 section on Serious Rule Violations (d) An inmate shall be assigned an employee to assist in the investigation of matt[ers] pertaining to a disciplinary action when Lt. assigns one (C/O Fletcher) was assigned. (1)(2) states due to housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentatio[n] of a defense. Also 3315 Serious Rule Violations pertaining to Staff Assistant (2)(3)(e) says (3 The nature of a inmates need for assistance requires a confidential relationship as describe[d] in 3318(B)(D). And says (e) Witnesses a inmate m[ay] request that friendly and adverse witnesses attend the hearing. I'll never forget being denied all the following procedures outlined in title 15 code of regulations? C/O Berg supposing to act as staff assistant never applied any of these follow[ing] rules pertaining to serious RVR? And C/O Fletcher assigned as investigative employee straight told m[e] he doesn't want or have to investigate or interview any of my witnesses? Which is contradicted by 3318 (D)? So with all of this deliberate indifference an[d] failure to act shows negligence and bias by Lt. Te[rry] And with a Christian Lloyd Avery being put in th[e] cell with devil worshiper and found dead 2 da[ys]

later on or about Sept 3 or 4th? Officer not knowing a inmates dead 2 days with about 12 counts over that period it shows negligence which is same issue that happened in my assault incident? That could have been me dead because I'm a documented christian on both these yard A & B check chapel records attending services 9 months on B. yard 3 serv a week and same or longer on A yard. Officer may try to put a devil worshiper in my cell? Thats what they've tried to due to me since October of 2004. Because I was taking out asked by Lt. Terry after he theaten me in front of 2nd crew in ad. seg. I know that Lt. Terry is a ~~impart~~ not impartial fair in making decisions I'm appealing whatever kind of hearing this may have been because I've been taking advantage of waiting you Lts. final report? And it always says on 128 chrono I have two weeks from hearing date to appeal whether I got 128 G or evidence of the hearing or Lts. desposition

*Sept 20, 05 Lt Terry's 115 hearing?*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

**STAFF COMPLAINT**

Location: Institution/Parole Region: **PBSP**  Log No. **S05-02610**  Category **7/1**

1. Lt. P. TERRY
2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: **Jonathan Grigsby**  NUMBER: **T-61830**  ASSIGNMENT: ____  UNIT/ROOM NUMBER: **A1-123L**

**A. Describe Problem:** First and for most for Lt. Terry to tell me Capt Smith said I don't get a mental health assessment and its required to all 3CMS inmates that a due process violation? Capt. Smith can't make psychological decisions for inmates in psch mental health care program and its document in my medical file which I've been trying to get down review for 2 months to show prove but I've been ignored? So Lt. Terry telling me Capt Smith said I don't need one also needs to be addressed in answering this appeal! Now on Sept 20, 20[0]5  *conti sheet attch*

If you need more space, attach one additional sheet.

**B. Action Requested:** Because of due process violations and because I told Dr. Butler of issues with officers & neglect to act on information giving new christian killed due to neglect I want single cell status and transfer to techapi prison [LANCASTER PRISON] because fear reprisals (more) from officer and possible fight in cell again.

Inmate/Parolee Signature: *Jonathan Grigsby*   Date Submitted: **9-21-05**

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __10/25/05__ Due Date: __12/9/05__

Interviewed by: _____

_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                    Returned:
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
                                                            Date: _____

CDC 602 (12/87)

(A) describe problem Conti. 115 Hearing Lt. Terry at 7AM in morning I was called out for 115 hearing RVR 05-07-0048. There was no psychiatrist or psychologist present which usually is, just 6 correctional officers? Lt. Terry said he was hear for hearing on my alleged assault on peace officer. I then said to Lt. Terry I've not been able to put together a defense of the charge Lt. Terry then threaten in front of whole 2ND watch shift here in ad. seg. on Sept 20, 2005 saying if I had it my way I'd shoot you in the head with a 45 after beat you unconscious. I then said to Lt. Terry I've not had a mental health assessment pertaining to this incident and Lt. Terrys response was Capt Smith said you don't need a mental health assessment saying am I ready do I want to make a statement? After Lt. Terry said he'd beat me unconscious then shoot me in my head, I said your clanomen and this is kangaroo meeting do whatever your going to do? I then said you cant have a 115 on without a mental health assessment on me first. Lt. Terry turn red then said do I wish to make a statement. I then said I told officers to move me I was having problems with officers then I wrote inmate complaint on C/O's Gutierrez, Campbell, Lacy for harrassment and denying me my package and clerk at time Hoffman. Never heard or got response then I saw my psychologist Dr. Butler who I told they were trying to move somebody in my cell and I said

police are trying to set-up me and I was hearing voices telling me kill or hurt whoever they put in my cell. Then C/O Gutierrez threaten me I was in fear for my life so I got at him before he could do anything to me. After I said that Lt. Terry started talking and provoking me then C/O Martinez said lets start over from the top then I said his acting like a racist then he told them take me out, so was taking back to ad. seg cell 123. My due process rights to have a fair and impartial hearing was violated from the start of Lt. Terry speaking to me. For example in 3318 section of title 15 code of regulations for CDC Assistance to inmates for Serious Rule Violations (a) Investigative Employee (B) Gathers information (D) Screen prospective witnesses (for inmates?) Also (b) Staff Assistant (B) is suppose advise and assist in the inmates preparation for disciplinary hearing represent the inmates position at hearing, ensure that inmates position is understood, and that the inmate understands the decision reached! Also briefly 3317 section of title 15 (CCR) says An inmate shall be referred for a mental health evaluation prior to documented misbehavior on a CDC form? Admendment and Relocation of sub section Update Title 15 is need for more rule regulation on this subject? Cont. Pg. 2

Pg. 2 (A) describe problem Conti. Lt. Terry's Hearing It always states in 3315 section on Serious Rule Violations (d) An inmate shall be assigned an employee to assist in the investigation of matt: pertaining to a disciplinary action when Lt assigns one (C/O Fletcher) was assigned. (1)(2) states due to housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense. Also 3315 Serious Rule Violations pertaining to Staff Assistant (2)(3)(e) says (3, The nature of a inmates need for assistance requires a confidential relationship as described in 3318(B)(D). And says (e) Witnesses a inmate ma request that friendly and adverse witnesses attend the hearing. I'll never forget being denied all the following procedures outlined in title 15 code of regulations? C/o Berg supposing to act as staff assistant never applied any of these following rules pertaining to serious RVR? And C/O Fletcher assigned as investigative employee straight told me he doesn't want or have to investigate or interview and of my witnesses? Which is contradicted by 3318 (D)? So with all of this deliberate indifference and failure to act shows negligence and bias by Lt. Terry And with a Christian-Lloyd Avery being put in the cell with devil worshiper and found dead 2 days

IA Policy/Procedure Attachment 3
Rev. 11/09/04

State of California

# Memorandum

Date : 10/24/05

To : Mark Castellaw
Chief Deputy Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : STAFF COMPLAINT REVIEW

The attached appeal from inmate **Grigsby**, CDC# **T61830**, dated **9/21/05**, reflects a complaint against Pelican Bay State Prison staff and, pursuant to a recent directive from CDC Central Office, is forwarded for your review and category determination prior to acceptance into the appeal process.

The complaint is regarding IR number _____.

_____
Appeals Coordinator

☐ Appeal was received past 15 day appeal time limit.
  ☐ Reject due to untimeliness with no investigation.
  ☐ Reject due to untimeliness, assign review outside Appeal Process

☒ Staff Complaint Appeals Process.

☐ Fact-Finding Investigation ordered. The issues contained in the appeal have been reviewed and the case has been referred to _____ for a fact-finding investigation. A copy of the completed fact-finding is to be forwarded to the Inmate Appeal Office to be filed with the appeal.

☐ Category I: The issues contained in the attached appeal have been reviewed and it is appropriate to pursue the issues at the institutional level and assign to institutional Internal Affairs (IA) for investigation.

☐ Category II: The issues contained in the attached appeal have been reviewed and it is appropriate to pursue the issues at the department level and will be assigned to institutional Internal Affairs, Headquarters.

_____      10/19/05
Chief Deputy Warden                Date

Attachment

State of California

# Memorandum

Date : 10/25/05

To : Lt. P. Terry

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : NOTIFICATION OF STAFF COMPLAINT (INMATE 602)

[X] RE: PELICAN BAY STATE PRISON
INMATE APPEAL CDC 602
LOG # S05-02610
INMATE NAME Guibroy
INMATE CDC # T12830

[ ] CITIZENS' COMPLAINT

```
832.5.  Citizens' complaints against personnel;
investigation;  description   of   procedure;
retention of records
    (a)   Each department or agency in this
state which employs peace officers shall
establish a procedure to investigate citizens'
complaints against the personnel of such
departments or agencies, and shall make a
written description of the procedure available
to the public.
    (b)  Complaints and any reports or findings
relating thereto shall be retained for a period
of at least five years.
```

Per Department Operations Manual (DOM) Section 54100 and the Bargaining Unit 6 Contract, Section 9.10(c), the Appeals Office is required to advise you that a complaint (Inmate Appeal Form 602) has been filed concerning you. In accordance with the California Code of Regulations, Title 15, Section 3084.5(a)(3) (G), this appeal has been bypassed to the First Level of Review. The appeal has been assigned to your department head. He or she will designate an appropriate level supervisor to investigate the allegations brought forth in the appeal. As a courtesy to you, a copy of the appeal is attached for your perusal. Be advised, the copy attached is not to be responded to by you. It is for your information only.

Additionally, you will be notified of the date the Second Level is completed by the Institution.

*R. Kirkland*
RICHARD J. KIRKLAND
Warden

Cc: Appeals