# EXHIBIT F

Pelican Bay State Prison    *appeals*
Inmate Appeals Office

## MODIFICATION ORDER

December 14, 2005

AW-GP

RE: GRIGSBY, T61830
    AF01L 000000123L
    PBSP-A-05-02690
    DISCIPLINARY

Please be informed that as a result of a Level II Decision, the above referenced appeal has been GRANTED IN PART. Please complete this modification order to comply with the decision.

DUE DATE: 01/13/2006

OTHER

Modification Order #05-82
The Associate Warden of the General Population shall ensure that the canteen restriction that is in effect through 12/18/05, as a result of RVR Log #A05-07-0048 be rescinded.

D. W. BRADBURY
Appeals Coordinator

The modification was completed in the following manner:

*ADMS & LOG BOOK HAS BEEN UPDATED.*

(You must attach copies of documents proving compliance such as CDC 128G's, 128B's, RVR's, etc.)

Verified as Completed by:

_M. Cleary_      M. Cleary      12-20-05
Signature (staff completing action)    Print Name    Date

_[signature]_      F. JACQUEZ      12/23/05
Signature of Associate Warden    Print Name    Date

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T61830 | GRIGSBY | A05-07-0048 | PBSP | 12/15/2005 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☐ HEARING   ☐ I.E. REPORT   ☒ OTHER

**CDO MODIFICATION:** Per CCR 3312(b)(1), the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these disciplinary actions. As the Chief Disciplinary Officer, I am ordering the following:

☒ If CDO modification was ordered by Appeals modification, enter number of modification order here: __05-82__.
☐ The finding is reduced to the Div. ____ offense for _____ with the corresponding reduction of the credit forfeiture to _____ because:
　☐ The original finding is not fully supported by the evidence and this lesser offense is supported by the evidence.
　☐ The finding is reduced in the interest of justice.
☐ The credit forfeiture is reduced to _____
　☐ The original assessment exceeds the amount authorized by CCR 3323.
　☐ The forfeiture has been reduced in the interest of justice.
☐ Credit forfeiture is disallowed because:
　☐ The disciplinary was not served on the defendant within 15 days of discovery.
　☐ The disciplinary was not heard within 30 days of service or, if postponed, within 30 days of DA response.
☐ Modification of other penalties assessed in the hearing:
　☐ Privilege restriction is disallowed.
　☒ Privilege restriction is reduced to: __Vacate Canteen Restriction__
☐ This disciplinary will be reissued and reheard, with new time constraints beginning the date of this order, because:
　☐ Witness denial is not justified or addressed by the hearing summary.
　☐ Staff Assistant should have been assigned to the defendant.
　☐ Investigative Employee (IE) should have been assigned or the completed IE report is insufficient.
　☐ Defendant was not given a minimum of 24 hours to prepare for hearing and did not waive this period.
　☐ Defendant was not allowed to review the video of this offense and did not waive review of video.
　☐ The Senior Hearing Officer does not qualify as a disinterested party because of prior involvement in the offense, investigation, or had classified disciplinary.
　☐ CDC 1030 confidential information disclosure is not sufficient.
　☐ Confidential information was used and the disciplinary findings did not address the reliability of the source(s), as well as show that either the information was corroborated or the combination of overall circumstances and reliability were convincing.
☐ This disciplinary is dismissed as the finding is not supported by the evidence and it is not reasonable to believe that a new hearing would discover new evidence supporting the finding. Original copy of disciplinary will be given to the inmate. Credit forfeiture and other penalties are disallowed and Records will be notified of needed changes.
　☐ Circumstances of this offense should be documented as a CDC 128-B because of program/enemy concerns.
　☐ Per CCR 3314, this has been reduced to an administrative offense and should be documented as a CDC 128-A in the interest of justice.

Comments: _____

Route through Disciplinary Officer. After giving copy to inmate, Disciplinary Officer should send copy to Register of Institution Violations. If credit forfeiture has been changed, copy should also be routed to the C&PR in the Records Office. Original should be filed with the CDC 115.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| F. JACQUEZ, Associate Warden | Chief Disciplinary Officer | 12/19/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| ψ | M. Clay | 12-21-05 | 0645 |

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: DEC 12 2005

Inmate GRIGSBY, T-61830  
Pelican Bay State Prison  
Facility A, Administrative Segregation Unit II  
Building 1, Cell 123

MODIFICATION ORDER

RE: WARDEN'S LEVEL DECISION  
APPEAL LOG NO. PBSP-A-05-02690

APPEAL: PARTIALLY GRANTED  
ISSUE: DISCIPLINARY  
Log # A05-07-0048

This matter was reviewed by RICHARD J. KIRKLAND, Warden, at Pelican Bay State Prison (PBSP). B. Samples, Correctional Counselor II, interviewed the inmate on December 6, 2005, at the Second Level of Appeal Review.

ISSUES

Inmate Grigsby requests a modification to the disciplinary finding.

FINDINGS

I

On July 10, 2005, the inmate was issued a disciplinary for Battery on a Peace Officer with Serious Injury and subsequently found guilty of the charge. However, he expresses dissatisfaction that the Senior Hearing Officer (SHO) indicating in the penalty portion of the hearing summary that his restricted appliances would be shipped out of the institution at his expense, since the department is no longer required to store such property. Also, a 90 day canteen restriction was imposed as a result of him using an envelope to distract staff prior to assaulting them.

II

During the appeal interview, an attempt was made to clarify whether there were any additional issues. The inmate claimed his request for inmate Robinson, inmate Cook and Officer T. Campbell as witnesses was also inappropriately denied. However, he then became angry and began to rant about the appeal response being overdue. The reviewer explained how the inmate's time limits would not be affected by this but was unable to direct the inmate's attention act to the issues of the appeal which caused the interview to be terminated.

III

The Department Operations Manual (DOM), Section 54030.10.6, states when an inmate is placed on Privilege Group C *via a classification committee action*, the inmate shall be required to dispose of any appliance(s) in accordance with Section 54030.12.2.

The California Code of Regulations (CCR), Title 15, Section 3090(d), allows a canteen restriction to be imposed as a result of a disciplinary action that involves the intentional or negligent destruction, damage or misuse of state property.

Supplement Page 2
Grigsby, T-61830
Appeal # PBSP-A-05-02690

The CCR, Title 15, Section 3315(e)(1)(B) allows an inmate to request witnesses attend a disciplinary hearing, however that request can be denied if the official conducting the hearing determines the witness has no relevant or additional information.

## DETERMINATION OF ISSUE

The DOM, Section 54030.10.6, does not require an inmate who is placed in Privilege Group C by a hearing official to dispose of their appliances. Therefore, the Administrative Segregation Property Room was contacted at the Second Level of Review and a determination was made that the inmate's television remains stored.

Also, the circumstances of the offense involved the inmate pulling a large envelope from a stack of papers he was holding. He handed the envelope to Officer Gutierrez with his left hand and stated, "I have a question about this." When Officer Gutierrez reached for the envelope, the inmate dropped it and struck Officer Gutierrez in the chin. The hearing official determined the circumstances involved the intentional or negligent misuse, damage, or destruction of state property to warrant the canteen restriction, but failed to establish whether the envelope was actually state property.

The hearing official addressed the inmate's request to have inmates Robinson and Cook present as witnesses. Inmate Grigsby stated he wanted these witnesses present since he previously told them that Officer Gutierrez had disrespected him. However, the hearing official denied the inmate's request after determining that the anticipated testimony was not relevant to the issues of the hearing. Furthermore, a review of the CDC 115-A and hearing summary does not substantiate the inmate's claim that he requested the presence of Officer T. Campbell who was supposedly assigned to the Control Booth at the time the incident occurred.

Based upon this review, a determination has been made that the hearing official cannot require the inmate to dispose of any appliances that are temporarily disallowed and it must be established that the misused property belonged to the state to warrant a canteen restriction. As a result, the television will not be shipped out of the institution as a result of this disciplinary finding and the canteen restriction will be rescinded; therefore, the APPEAL IS PARTIALLY GRANTED. However, the denial of the inmate's request for witnesses was appropriate.

## MODIFICATION ORDER

The canteen restriction that remains in effect through December 18, 2005, as a result of Rules Violation Report Log #A05-07-0048 shall be rescinded.

RICHARD J. KIRKLAND
Warden
Pelican Bay State Prison

BDS #29 12-6-05

SHO Appeal RVR 07 048

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. A05-02690
2. A05-07-0048

Category: 1/1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Jonathan Grigsby
NUMBER: T-61830
ASSIGNMENT: 
UNIT/ROOM NUMBER: A1-123L

**A. Describe Problem:** First and for most I filed a 602 appeal on 9-21-05 and to this date no log number or any response from appeal coor. or Lt. Ferry as of date 10-18-05 and I wasn't served this disposition because of all the extra reprisals taking against me? For starters for Lt Ferry to tell his having my property sent home effective and no canteen for 90 day effective also so racist and bias not to say the least. Also to say you'd rather beat me unconscious in front of 6 correctional officers and shoot me with a 45 caliber automatic? Those are threats but my appeal

If you need more space, attach one additional sheet.

**B. Action Requested:** I'll accept the 360 no get back? But other excessive malicious restrictions I'll have my wife, Mother and Father file a complaint with State Personnel Board regarding misconduct by Lt. Ferry I'd like some type of response soon as I can be told.

Inmate/Parolee Signature: Jonathan Grigsby
Date Submitted: 10-18-05

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

[BYPASS stamp] Complaint issues on A SB-2010 Processed on # SB-2010 Appeal

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

[Staff being rude bypass / BYPASS stamps]

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

| First Level | ☐ Granted | ☐ P. Granted | ☐ Denied | ☐ Other _____ |

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __10/19/05__ Due Date: __12/05/05__

Interviewed by: _____

~~BYPASS~~

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                   Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~BYPASS~~

Signature: _____ Date Submitted: _____

| Second Level | ☐ Granted | ☒ P. Granted | ☐ Denied | ☐ Other _____ |

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __10-19-05__ Due Date: __12-5-05__
☒ See Attached Letter

Signature: __B. Lampden_____ Date Completed: __12-6-05__
Warden/Superintendent Signature: __[signature]_____ Date Returned to Inmate: __12/15/05__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
                                                                Date: _____

CDC 602 (12/87)

(A) Problem Cont'                    SHC 07 05 18 1654

For that was thrown away and never heard of. I was out right told I had nothing coming and fear for my life because of Lt. Ferry threat. I'm appealing because additional penalties referring to 3044 F relates to ETO time? So Lt. Ferry is doing the same thing Lt. Foss did taking canteen but Lt. Foss put me on drug testing and other outrageous disciplinary that are warranted? And I know that I've done nothing but be harassed even after the fact. Since I believe before I can get heard these crazy restrictions they'll try to enforce with no cause. I'm going to have my family and wife file a state personnel board merit appeal office complaint against Lt. Ferry Appeal Coor (again) and any one else who tries to put me under those kinds of cruel and ~~unusual~~ unusual punishments? That's a promise because I've been getting done like that for over a year and its stressing me out. Everything wrote up by Lt. Ferry is made up to justify his racist actions put on this disposition? I'm still being drug tested because of Lt. Foss dispositions extra reprisal tested 10-6-05. So if these are done I'm having complaint write up before next week and giving to state personnel board? I've a district appeal in on the neglect and impartial actions by most of staff so I'm not going to go through this excessive use of force and penalties on me for one reason I've lost 2 year and change behind not having my meds telling staff I'm having problems. I'm also in touch with Keith Wattley in regards to these restrictions and my treatment and due process violations to have witnesses and help to have a proper defense of charges? Which Lt. Ferry didn't let me have any of I was denied everything and it not explained until I got this in mail tonite. Because of 30 days passing without a response to my original appeal of Lt. Ferry- hearing my 115 disregard Lt. Ferry hearing dated 9-21-05 since no one never responded to it

804 FAXED ON 07/17/05

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T-61830 | GRIGSBY | 1-19-2016 | PBSP | AF2-232L | A05-07-0048 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | BATTERY ON A PEACE OFFICER WITH SERIOUS INJURY | "A" YARD @ AF2 | 07/10/05 | 1300 HRS |

**CIRCUMSTANCES**

On July 10, 2005, at approximately 1300 hours, while I was assigned as AF2 Floor Officer #2, I was posted in the AF2 Control Booth entrance window. I provided gun coverage for the A1A workers yard and Law Library release. AF2 Floor Officers L. Gutierrez, J. Hagerman and S. Lamphere were conducting unclothed body searches on the yard directly in front of AF2. I observed Inmate GRIGSBY, T-61830, AF2-232L, exit the yard door for his afternoon Law Library ducat. GRIGSBY approached Officer L. Gutierrez and with his left hand pulled a large envelope from a stack of papers he was holding in his right hand. GRIGSBY was handing the envelope to Officer Gutierrez with his left hand and stated, "I have a question about this." Officer Gutierrez reached for the envelope with his right hand. GRIGSBY dropped the envelope, stepped into Officer Gutierrez with his left leg and struck Officer Gutierrez in his upper chin and lower lip with his clinched left fist. GRIGSBY then hit Officer Gutierrez in his nose with his

CONTINUED ON CDC-115-C

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| N. BANTA, CORRECTIONAL OFFICER | 7-23-05 | AF2 FLOOR #2 | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | DATE | LOC. |
|---|---|---|---|---|
| J. Janury SGT | 7-23-05 | | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A1 | 7/23/05 | | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| ☒ CDC 115 | | 9/6/05 | 0700 | 7219 x2 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: 3P-A02-05-07-0321 | BY: (STAFF'S SIGNATURE) | DATE 8/16/05 | TIME 0700 | BY: (STAFF'S SIGNATURE) | | DATE 8/16/05 | TIME 0700 |

**HEARING**

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | SEE ATTACHED CDC-115-C | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) LT. P. TERRY, SENIOR HEARING OFFICER | SIGNATURE | DATE 9/19/05 | TIME 0725 |
| REVIEWED BY: (SIGNATURE) S.C. Carter Capt (A) P.T. SMITH, A-FACILITY CAPTAIN | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE F. JACQUEZ, A.W.G.P. | DATE 10/12/05 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) M. Cly | DATE 10-18-05 | TIME 0830 |

STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C | PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 07/10/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER

right clinched fist. These punches were in rapid succession. Officer Gutierrez fell backwards to the ground, hitting the back of his head on the ground. I activated the AF2 Building alarm and ordered GRIGSBY to, "Get down!" with negative results. GRIGSBY backed away toward Dining Hall #1 with his clinched fists up by his face in a fighting stance. GRIGSBY got down in a prone position, his head facing AF2 and his feet towards the Ad Seg walk alone cells. Officer Gutierrez immediately got up and assisted in placing GRIGSBY in mechanical restraints (handcuffs). I then left the window to get the leg irons. I handed the leg irons to Officer S. Lamphere. GRIGSBY was then placed in leg irons due to the fact that he was resisting and kicking at the officers. The entire assault was captured on video tape. I removed the video tape from the AF2 video surveillance recorder. I secured the video tape in an evidence bag and marked all information on the video tape and evidence bag. I secured the video tape in the temprary evidence locker #16 located in the Watch Commander's office.
Refer to I/R #PBP-A02-05-07-0321.

This inmate is NOT EOP or Crisis Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a Mental Health Assessment is NOT required.

SIGNATURE OF WRITER: N. DANTA, CORRECTIONAL OFFICER | DATE SIGNED
GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED
☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95) | OSP 99 25082

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-61830 | GRIGSBY | 3005(c) | 07/10/05 | PBSP | A05-07-0048 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE: ▶ Jonathan Grigsby   DATE:

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE: ▶   DATE:

DATE NOTICE OF OUTCOME RECEIVED:    DISPOSITION:

☐ I REVOKE my request for postponement.
INMATE'S SIGNATURE: ▶   DATE:

### STAFF ASSISTANT

☒ REQUESTED   ☐ WAIVED BY INMATE
INMATE'S SIGNATURE: ▶ Jonathan Grigsby   DATE:
☒ ASSIGNED   DATE: 8/6/05   NAME OF STAFF: Bria
☐ NOT ASSIGNED   REASON: TABE = 0

### INVESTIGATIVE EMPLOYEE

☒ REQUESTED   ☐ WAIVED BY INMATE
INMATE'S SIGNATURE: ▶ Jonathan Grigsby   DATE:
☐ ASSIGNED   DATE:   NAME OF STAFF:
☒ NOT ASSIGNED   REASON: DNMC 3315 (d)(2)

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☒ OTHER C/O Gutierrez   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Robinson | ☐ | ☐ | | ☐ | ☐ |
| Cook A2-231 | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE: ▶   DATE:

☒ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE) ▶   TIME: 0700   DATE: 08/04/05

A1-223

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 1 OF 1 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 08/11/05 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER

This investigation was initially assigned to Correctional Officer H. Fletcher, RDO's Sun/Mon, on 08/08/05.

As the initial investigator, I advised GRIGSBY that he would have an opportunity to present his case before a Senior Hearing Officer and that the role of the Investigative Employee was to gather facts and clarify issues of the alleged violation for the Senior Hearing Officer. GRIGSBY was further advised that pursuant to CCR 3315(d)(1), he had the right to object to the assignment of the initial Investigative Employee.

GRIGSBY stated that he did not have an objection.

On 08/09/05, I questioned GRIGSBY regarding this misconduct and he stated: "He disrespected me so I went off on him. I did it. It shows it on the video."

On 08/10/05, I questioned Correctional Officer N. Banta, the Reporting Employee, regarding the charged rule violation and he stated: "I was at the yard door window and saw the entire incident. I saw Inmate GRIGSBY hit Officer Gutierrez in the face and head area two times."

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| H. FLETCHER, CORRECTIONAL OFFICER | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | |

CDC 115-C (5/95)   OSP 99 25082

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE 1 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 10/12/05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER

**Hearing:** The hearing was convened on 09/19/2005, at approximately 0725 hours when I introduced myself to GRIGSBY as the Senior Hearing Officer for this disciplinary. GRIGSBY stated he was in good health with normal hearing and vision. GRIGSBY acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of BATTERY ON A PEACE OFFICER WITH SERIOUS INJURY were reviewed with GRIGSBY in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** GRIGSBY was advised in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. GRIGSBY stated that he understood and he wanted to continue the hearing.

**Due Process:** The inmate was served with his copy of the disciplinary report within 15 days of discovery but the hearing was not held within 30 days of service.

Per CCR 3383(d), an authorized State of Emergency was imposed at this institution effective with 06/23/2005 and and continuing to the present date, time constraints were suspended during the State of Emergency. This was explained to the inmate in the hearing and notice of this State of Emergency was posted as notice to any inmates with pending disciplinaries. For this reason, time constraints were not violated and credit forfeiture remains available. Per CCR 3320(f)(5), the hearing officer finds this delay did not prejudice the inmate. The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** GRIGSBY was assigned a Staff Assistant as GRIGSBY is illiterate (reading score of 4.0 or less). The assigned SA, J. BERG, was present at the hearing. The assigned SA confirmed that GRIGSBY was interviewed more than 24 hours in advance and offered an explanation of hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality. GRIGSBY stated that he understood and that he was prepared to begin.

**Investigative Employee:** Per the CDC 115-A, GRIGSBY requested IE assignment. IE was not assigned at that time as GRIGSBY failed to prove his need for IE assignment. In the hearing, GRIGSBY waived IE assignment. The issues are not complex, additional information is not required and the inmate has waived investigation on his behalf. IE will not be assigned.

**Request for Witnesses:** GRIGSBY requested the Reporting Employee as a witness. Request granted. GRIGSBY asked no questions of the Reporting Employee and he was dismissed from the hearing.

GRIGSBY requested Inmates ROBINSON the Unit MAC representative and COOK and as a witness to give the following anticipated testimony: That GRIGSBY had told both inmates that Officer Gutierrez had disrespected him. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Request denied as it is my conclusion this anticipated testimony is not relevant to the issues of this hearing. Whether or not the inmate felt "disrespected," this does not permit retaliatory action of a felonious nature and has no bearing on whether or not GRIGSBY committed the charged offense.

**Video and photo evidence:** Videotape record of events related to this offense was retained as evidence. As documented on the attached CDC 128-B, on 08/07/2005 at approximately 0715 hours, GRIGSBY reviewed this videotape prior to the hearing. The videotape was reviewed in the hearing.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| P. Terry | Correctional Lieutenant | 10/12/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| | M. Clay | 10-18-05 | 0800 |

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                              PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 10/12/05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E .REPORT    ☐ OTHER

**Plea:** Not Guilty

**Hearing testimony:** GRIGSBY gave the following testimony as his defense: "I told my Psychiatrist that I was having problems, so before he could attack me I attacked him."

**Finding:** Guilty of the Div. A-1 (3) offense BATTERY ON A PEACE OFFICER CAUSING SERIOUS INJURY. *Battery* means the deliberate use of force or violence on the person of another. *Serious injury* means any significant impairment lasting more than two days. Examples of serious injury include bone fracture, extensive suturing, concussion, lack of consciousness, serious disfigurement, impairment, or loss of body parts or organ or any other injury requiring hospitalization. The inmate may be found guilty of serious injury if there is sufficient evidence that the inmate intended to cause or was attempting to cause this result. If the inmate claims that the injury was unintentional, the inmate remains responsible if it was the result of reckless indifference by the inmate. This means that any reasonable person would understand that the unintended result was reasonably possible as a result of the intended actions of the inmate. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER N. BANTA in the disciplinary report of 07/10/2005 wherein OFFICER BANTA testifies that he observed GRIGSBY attack Officer L. Gutierrez striking him in the face with his clenched left and then right fists. Officer Gutierrez was knocked off his feet and struck his head on the pavement.
B. The Videotape of this incident as described in the CDC-128B of 08/07/2005 depicts GRIGSBY attacking Officer Gutierrez and knocking him off his feet.
C. GRIGSBY'S admission of guilt as given to the Investigative Employee that "He disrespected me so I went off on him. I did it. It shows it on the video.
D. Given the vicious and unexpected nature of GRIGSBY'S attack on Officer Gutierrez and the fact that Officer Gutierrez was both knocked off his feet and struck in the head, it is reasonable to conclude that the result of this attack should have caused serious bodily injury.

**Disposition:** Assessed **360** days credit forfeiture for this Div. A1 offense. After review of the circumstances of this offense, the available credit forfeiture has been reduced based upon mitigating circumstances. Specifically, this misconduct resulted, in part, from the inmate's fear for his own safety. While this does not excuse or justify his misconduct, it does justify reducing the penalties for this act. Per CCR 3327 (a)(1), credit restoration is not available for this offense. Referred to classification for SHU assessment. Appeal rights were explained. GRIGSBY was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** Per CCR 3044(f) (1) (B), privileges may be restricted for a period of 90 days for any serious disciplinary offense listed in CCR 3315. These restrictions include, no personal appliances, no family visits, no telephone calls, limited (concrete) yard access, no access to any other recreational or entertainment activities, no accrual of excused time off, no special packages, no special canteen purchases, and One-fourth the maximum monthly canteen draw. All disallowed appliances shall be shipped out of the institution at the inmate's expense, as the California Department of Corrections is no longer required to store such property. The only way of reacquiring this property is via an approved vendor once the inmate's privilege group has been restored to allow such privileges. Effective the date of this hearing through 12/18/2005 all of these restrictions will remain in place for GRIGSBY for a total of **90** days.

Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction, or damage of state property. Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction. Any canteen draw slips submitted by this inmate during this period will be returned without action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. This offense

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| P. Terry | Correctional Lieutenant | 10/12/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| | M. Cley | 10-18-05 | 0800 |

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS  
PAGE __3__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 10/12/05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E. REPORT    ☐ OTHER

involved the intentional or negligent misuse, damage or destruction of state property as follows: Using his paperwork to distract a staff member for an attack on that staff member. Effective the date of this hearing through 12/18/2005, canteen privileges are restricted for GRIGSBY for a total of **90 days**.

**Copies:** Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| P. Terry | Correctional Lieutenant | 10/12/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| ✓ | M. Cley | 10-18-05 | 0800 |

# CDO MODIFICATION ORDER

## ROUTE SLIP

| # | ROUTE TO | INITIAL | INSTRUCTIONS |
|---|---|---|---|
| 1. | AW – HCO / GP / SHU / CS | | Sign blue **CDO modification form**. |
| 2. | AW-Secretary | BT 12/19/05 | Key Modification Order information into Appeals tracking system; make copy of blue **CDO modification form** for AW Registry. |
| 3. | Facility O/T  A | 12-19-05 | Track modification Order. Route to S&E. |
| 4. | S&E – Facility  A | 12-20-05 | Change disciplinary log and ADMS; sign bottom of blue **CDO modification form** and give copy (of blue **CDO modification** form) to inmate; forward Modification Order package (with <u>original</u> blue **CDO modification form**) to Facility O/T. |
| | Date Due to AW Sec.  1/6/06 | | |
| 5. | Facility O/T  TO AW 12-22-05 | ET | Log as complete. Route to AW Secretary. |
| 6. | AW Signature | 12/23 | Review for compliance and signature. |
| 7. | AW-Secretary | BT 12/28/05 | Make copies. Log as complete. Route to Appeals. |
| 8. | Appeals | | Appeals Coordinator - Review for completion. |
| | | | OT - Log and send to Records. |
| 9. | C&PR Records | | If the 115 has been modified, direct any change in credit forfeiture; place <u>original</u> blue **CDO modification form** in Central File; send <u>copy</u> of blue **CDO modification form** with Modification Order to Appeals.<br>*If the 115 was dismissed, direct any change in credit forfeiture, remove 115 and Incident Report from the file, and route to Facility Disciplinary Officer. Sign the back of blue CDO Modification Order. Route completed package to Appeals. |
| 10. | Appeals | | Process completed Modification Order. |

DUE DATE   1/13/2006

MODIFICATION ORDER NO.:   05-82

INMATE:   GRIGSBY        CDC NO.:   T61830