Jonathan Grigsby
T-61830 D6-205
P.O. Box 1050 DMH
Soledad, CA 93960

**ORIGINAL FILED**
JAN 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Copy 1 of 2

In The United States District Court For The Northern District of California

Jonathan Grigsby ) Case No. C07-2566 CRB (PR)
Plaintiff )
vs. ) Motion Opposition To Dispositive Motion To
Robert Horel, et al., ) Dismiss Claiming Failure Exhaust My
Defendant(s) ) Administrative Remedys

    I was asked to respond Judge Breyers order no later than January 4, 2008 to defendants motion to dismiss for failure to exhaust administrative remedys. Before I respond, I want to first state under penalty of perjury that defendants did not release all my exhibits of evidence.

    Are my CDC forms evidence or my legal books I use specificly to study or I use to help me file motions. Those books are my Federal Rules Civil Procedure, Protecting Your Health & Safety, 3rd Edition Prisoner Handbook California Constitution, and Jailhouse Lawyers Manual.

    I want it stated on record that Judge Breyer on record filed order (Doc #53) filed in District Court December 6, 2007 stating I'm to be given my legal property so I can respond to defendants to dismiss based on I did not exhaust my administrative remedys. (Doc #53 should already be part of the record in C07-2566 so no need to send copy as exhibit)

    I went threw the things thoroughly and I can tell you that pelican bay did not send all my legal property and legal documents. I did find one of CDC forms that shows I did exhaust my administrative remedy (exhibit) It shows that in fact I did exhaust as it states on page 2 to that effect.

    The attorney general motion to dismiss and memorandum of point and authorities are just one of several fabricated and doctored motions to try and stop a jury trial. The declaration of service filed November 29, 2007 was sworn under penalty of perjury and (exhibit 1) refutes attorney generals claims.

    Based on lie none of attorney generals claims can be held as truths because they lied saying I did not exhaust administrative remedys wha else have defendants and attorney general lied about? I can also say for sure pelican bay purposely mixed up all documents I received. Theres thousands of piles of paper some relevant and most of it not. Sergeant Chavez rankin official at salinas valley state prison was made aware

(i)

2 of 2

I want to show for record a example of malice and sadistic actions of defendants disregard and careless attitude pertaining to my legal document. If you look at my civil action 07-2566 paragraph 85 I specificly speak of (exhibit 59) is a 128G chrono thats generated in initial classification committee.

If you look through declaration to dismiss in support by N. Grannis (Exhibit E) You'll first notice director level review decision for appeal log number 06-01937 which contradict motion to dismiss. Also a exhibit in the E section is a copy of this same 128G but its marked exhibit C not 59? What that tells you Judge Breyer is attorney general and defendants used my exhibit C which was part of record in habeas corpus I filed in Del Norte Superior court. That was part of my legal property!

Also to show mixed up my legal document are page 2 of exhibit 59 says exhibit C instead of exhibit 59 page 2? Based on that fact I believe the defendants gave attorney general documents of exhibits I used in habeas corpus. And the exhibit used in exhibits D, E, F were my documents.

Have attorney general produced original envelopes that says (exhibit (exhibit B) (exhibit C) I doubt they can. In (Exhibit E) theres 23 pieces of paper ask attorney to produce original copy from? CDC records don't have letter exhibit were they keep original documents. The inmate request copied in (exhibit F) ask attorney general to produce inmate request copy dated November 13, 16, 20th, of 2006. She cant because those document are in my possession.

The reason why pelican bay has refused to release my property is because most of those exhibits used by N. Grannis came out of my legal property? Has defendant produce original document in just exhibit E? They cant I let you they come up with some type of excuse.

Also it should be noted that (exhibit A) which shows cruel and unusual punishment 8th amendment violation is just one of several CDC forms I had as evidence that I don't have to support my claims?

What is policy or procedure youd take Judge Breyer being defendant did not honor your order dated December 6, 2007? To give me my legal property and in fact to I believe in N. Grannis declaration ask attorney general to produce original documents used in (exhibit E) they cant because they were in my legal property.

Please inquire because they have lied under penalty of perjury what they put into motion cant be trusted. Please help to uncover a serious miscarriage of justice done to me? We havent even got to due process issue and equal protections under those laws.

Date January 1, 2008 (2)   Jonathan Wright Pro-Se

Jonathan Grigsby
T-61830 D6-205
P.O. Box 1050 DMH
Soledad, CA 93960

Copy 1 of 3

In The United States District Court For The Northern District California

Jonathan Grigsby
  Plaintiff
vs
Robert Horel et al.,
  Defendant(s)

Civil No. C07-2566

Declaration Of Jonathan Grigsby To Proceed On With Civil Action After Perjury And Evidence Tampering In Case

1. Jonathan Grigsby hereby declares: As plaintiff in civil case C07-2566 based on information and belief Jennifer Nygaard fabricated and stated under penalty of perjury that plaintiff failed to exhaust my administrative remedys. Plaintiff (exhibit 1) shows and proves I not only exhausted administrative remedys.

2. But caught attorney general in lie and also exposes malicious actions by defendants? Let me explain on November 29, 2007 Jennifer Nygaard supervising attorney general mailed out motion to dismiss after deadline to respond to order of service filed in District court August 28, 2007

3. Defendants attorney had 90 days to respond to civil complaint C07-2566? November 28, 2007 deadline. On December 3, 2007 Judge Breyer allowed attorney general to appear and file motion to dismiss. After on November 8, 2007 Jennifer Nygaard filed waiver reply demand for jury trial? Also in same time she fabricated stating I did not exhaust my

4. Administrative remedys which (exhibit 1) shows she lied under penalty of perjury? Nothing in these late filed motions and declarations can be consider true? What else has been fabricated? The deadline to respond with opposition or notice of non-opposition was November 28, 2007? So why is Judge Breyer allowing attorney general to appear and file motion

5. After deadline he issued in order of service filed August 28, 2007? (To record orders filed 12-3-2007 docs# 41, 43 and order service filed 8-28-2007 docs 5, 6, 7, 38 should already be in District court record so no need for copys to be sent to save paper and clerk processing time?) Its bias and prejudice to allow attorney general to file in person motion that is already past court order time constrain to respond? If attorney general is allowed to appear plaintiff should be allowed to be present also? Judge Breyer shows partiality toward attorney general

(1)

6. The attorney general filed waiver of reply demand for jury trial fil[ed] November 8, 2007? 21 days later (past time constraint to respond) attorney general claims to have mailed incorrect document. Base on lied wrote in motion to dism[iss] for failure to exhaust administrative remedys? Attorney general is lying again and fabricating again? The date showing these motions and incorrect documents

7. Its postmark 11-29-07 and I received it December 3, 2007 past time constraints to respond. Clearly violation to 90 days to respond given attorney general. Now Judge Breyer has to look at fact attorney general perjuried herself stating I did not exhaust.

8. In N. Grannis declaration Judge Breyer there 7 exhibits A, B, C, D, E, F, G In (exhibit E) first page is copy of my (exhibit 1) that shows I exhaust my administrative remedys. That document also show you that attorney general and defendants used my exhibits specificly 128G chronos the following.

9. Within (exhibit E) theres 7 ironiclly 128G chronos? First ex. A 128G chrono dated 11-9-2005, 2nd is (exhibit B) 128G chrono dated 12-29-2005, 3rd (ex. C 2 pgs) and it dated 1-4-2006 128G chrono, (ex. D) is 128G chrono dated 2-3-2006, the 5th 128G chron[o] is (exhibit E) and its dated 6-7-2006, The 6th is (exhibit F) 128G chrono dated 7-26-2006 lastly is 128G chrono (exhibit G) dated 4-5-2006?

10. The reason I've named the 7 exhibits thats in attorney general declaration of N. Grannis (exhibit E) is because I've not received all my legal documents or my legal property and part reason why not is because those seven exhibits named in paragraph 9 are part of my legal documents and part of my legal property? Judge Breyer ask attorney general to tell defendants to produce the original documents copied in N. Grannis (exhibit E)?

11. The way you can tell these were copied out my property? Because if Chief of appeals N. Grannis want copy of 128G chronos out my C-file those CDC forms would not have exhibit letters on them. That why still after your order filed December 6, 2007 (Doc # 53) telling defendants to release ALL my legal documents and legal property they still havent done so.

12. Judge Breyer make attorney general produce original documents in N. Grannis declaration (exhibit E)? Ill tell you they cant and they cant explain why the CDC forms 128G's have letters on them why arent they just clean chrono[s] out my central file or records? The attorney general is using exhibits I marked on those chronos in a habeas corpus.

13. Another key issue to show you attorney general declaration from N. Grannis and defendants are using documents copied out my legal property and mixed up in this issue. In N Grannis (exhibit E) theres 128G chrono marke[d] exhibit C dated 1-4-2006? If you read in my civil complaint paragraph 85

3 of 3

4. You'll notice I mention exhibit 59 which is same document mark exhibit C in N. Gramms (exhibit E) also you'll notice the second page of my exhibit 59 pays exhibit C a direct copy of page 2 in N. Gramms (exhibit E). If you add fact that attorney general fabricated and perjured herself and Gramms page 4 of declaration she lied also.

5. How is it my exhibit 59 second page is direct copy of N. Gramms exhibit C) 128G chrono 2 pages dated 1-4-2006? Compare my exhibit 59 with Gramms exhibit C) I rest my case and it shows that defendants and attorney general are using my legal documents and refuse to release all my legal property.

6. The defendants and attorney general are guilty of lying under penalty of perjury and refuse to release all my legal property including my Federal Rules Civil Procedure, 3rd edition Prisoner Handbook 3 supplement, Protecting Your Health & Safety Jailhouse Lawyers Manual, and lastly my California Constitution 3 amendments also to tell District court I still don't have all my legal documents.

Also I've found (exhibit A) that I speak about in paragraphs 25 & 26 in my civil complaint C07-2566. Judge Breyer I've got thousands of papers to try and put in some type of order to see exactly what I'm missing. That why I filed for a extension of time until I look thru thousands of pieces of paper some that are part of my lawsuit? But most of the papers I sent have nothing to do with my claim in C07-2566.

I ask for extension in motion filed December 18, 2007? I've not received all my legal property or legal documents and sergeant Chavez was made aware and I'm telling you again in the declaration.

I declare under penalty of perjury that the foregoing is true and correct executed at Soledad, California January 1, 2008

Jonathan Grigsby Pro-Se

(2)

Exhibit 1

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAR 1 6 2007

In re:  Grigsby, T-61830
        Pelican Bay State Prison
        P.O. Box 7000
        Crescent City, CA 95531-7000

*exhibit 1*
*1 of 2   2 pages*

IAB Case No.: 0607469          Local Log No.: PBSP 06-01937

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that his rights have been violated in that he has been retained in the Pelican Bay State Prison (PBSP) Security Housing Unit (SHU) past his Minimum Eligible Release Date (MERD). The appellant asserts that PBSP did not calculate his MERD correctly. The appellant request copies of all documents relating to the calculation of his MERD, and he requests immediate release from the SHU.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The Second Level of Review (SLR) noted that the appellant has been provided copies of all documents relative to his confinement in the SHU. The SLR found that the Classification Staff Representative (CSR) deferred the appellant's case on December 29, 2005 and that the CSR concerns were addressed in the PBSP Institution Classification Committee (ICC) action of January 3, 2006. The appellants MERD of July 10, 2008 was approved by the CSR on February 3, 2006. On June 7, 2006 the PBSP ICC acted to forfeit 225 days of the appellant's good time credit based upon the appellant's disciplinary history while in the SHU. This resulted in a controlling MERD of February 29, 2009. The CSR approved this new MERD on July 26, 2006. The SLR found that the appellant's MERD is correctly calculated as February 29, 2009. The SLR denied the appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  **A. FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR reviewed the appellant's CDC 629A SHU Term Assessment Worksheets and concurs that the appellants MERD has been calculated correctly. The appellant was provided a hand calculation of the MERD and was advised of the controlling regulations. The appellant was provided the CDC Form 128-G, Classification Chronos that documents the PBSP response to the CSR concerns relative to the appellant's CDC Form 115, Rules Violation Report. The appellant was provided copies of the CSR action in that the CSR approved of the PBSP action and the imposition of the SHU term with a MERD of February 29, 2009. The DLR notes that due to the appellant's misconduct in the SHU he was assessed a loss of credit which extended his MERD. Therefore no relief is provided at the DLR.

  **B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3270, 3335, 3341.5, 3375, 3375.3, 3376, 3380

  **C. ORDER:** No changes or modifications are required by the institution.

GRIGSBY, T-61830
CASE NO. 0607469
PAGE 2



Exhibit 1
2 of 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

Exhibit A

INMATE NAME: GRIGSBY   NUMBER: T-61870   CELL: ____

On this date: 7-10-05, your behavior of (DESCRIBE / ACTIONS) BATTERY ON PEACE OFFICER W/SSI

has necessitated the implementation of the following Security Precaution(s) and or Restriction(s):

**CUSTODY PRECAUTIONS (CHECK APPROPRIATE PRECAUTIONS)**

- ___ LEG IRONS
- ___ MODIFIED FOOD PORT
- X SECURITY TRIANGLE · INDEFINITE
- ___ SPIT HOOD
- ___ WAIST CHAIN
- ___ CONCRETE YARD / (WALK ALONE)
- X NO TEAR BLANKET 30 DAYS 8-11-05
- X PAPER TRAY INDEFINITE
- ___ YELLOW FLAG (EXIBITIONIST)
- ___ OTHER:

Exhibit A

**RESTRICTIONS (CHECK APPROPRIATE RESTRICTIONS)**

- X YARD 30 DAYS 8-11-05
- X PROPERTY 30 DAYS 8-11-05
- X LINEN
- X CLOTHING 1 TSHIRT / 1 BOXER / 1 PAIR SOCKS
- X MATTRESS ONLY 30 DAYS 8-11-05
- X CUP/CONTAINER 30 DAYS 8-11-05
- X SHOE 30 DAYS 8-11-05
- X RAZOR 30 DAYS 8-11-05
- X SPOON 30 DAYS 8-11-05
- X PEN FILLER 30 DAY 8-11-05
- ___ CELL WATER
- ___ OTHER: ____

These precaution(s) / restriction(s) are implemented as a preventive measure to discourage future incidents of the same nature. This precaution(s) / restriction(s) will remain in effect until 2400 hours on 8/10/05. Your behavior will be monitored during this time and the status maybe modified, terminated or extended depending on your cooperation. This CDC 128 does not limit a Correctional Officer from using their discretion to continue a restriction after the duration date. PENDING CAPTAIN REVIEW

L STEWART SGT _____  
(PRINT and SIGN NAME)  
REQUESTER / RANK  
R. Graves Lt. 7/10/05  
[ ] APPROVED

(PRINT and SIGN NAME) P.T. SMITH CAPT  
APPROPRIATE SUPERVISOR / RANK  
[ ] DISAPPROVED

Distribution: Central File, AWC File, Inmate, Unit, CCI

CDC 128-B

— — — cut line — — —

INMATE NAME: _____   NUMBER: _____   CELL: ____

On this date: _____, your behavior of (DESCRIBE / ACTIONS) _____

has necessitated the implementation of the following Security Precaution(s) and or Restriction(s):

**CUSTODY PRECAUTIONS (CHECK APPROPRIATE PRECAUTIONS)**

- ___ LEG IRONS
- ___ MODIFIED FOOD PORT
- ___ SECURITY TRIANGLE
- ___ SPIT HOOD
- ___ WAIST CHAIN
- ___ CONCRETE YARD / (WALK ALONE)
- ___ NO TEAR BLANKET
- ___ PAPER TRAY
- ___ YELLOW FLAG (EXIBITIONIST)
- ___ OTHER:

**RESTRICTIONS (CHECK APPROPRIATE RESTRICTIONS)**

- ___ YARD
- ___ PROPERTY
- ___ LINEN
- ___ CLOTHING
- ___ MATTRESS
- ___ CUP/CONTAINER
- ___ SHOE
- ___ RAZOR
- ___ SPOON
- ___ PEN FILLER
- ___ CELL WATER
- ___ OTHER: ____

These precaution(s) / restriction(s) are implemented as a preventive measure to discourage future incidents of the same nature. This precaution(s) / restriction(s) will remain in effect until 2400 hours on __/__/__. Your behavior will be monitored during this time and the status maybe modified, terminated or extended depending on your cooperation. This CDC 128 does not limit a Correctional Officer from using their discretion to continue a restriction after the duration date.

_____  
(PRINT and SIGN NAME)  
REQUESTER / RANK  
[ ] APPROVED

_____  
(PRINT and SIGN NAME)  
APPROPRIATE SUPERVISOR / RANK  
[ ] DISAPPROVED

Distribution: Central File, AWC File, Inmate, Unit, CCI

CDC 128-B

Exhibit 59

| STATE OF CALIFORNIA | PAGE #1 of 2. | DEPARTMENT |
|---|---|---|
| OF CORRECTIONS | | CDC 128G (REV 2/96) |

NO. T-61830   NAME: Grigsby, Johnathan   CELL: A-1-123
CUSTODY: MAX/S   CS: 108   LEV: 4   WG/PG: D2/D   EFF: 7/10/05   ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16   NEXT REVIEW: 3/06

*exhibit # 59 two pages 1 & 2 attached*

**ACTION: Confirm SHU term assessment by ICC action of 11/9/05. Refer to CSR for audit. Retain in ASU pending CSR audit and DA action. MERD 7/10/08.**

Inmate Grigsby was reviewed by PBSP ICC on this date for a special review due to CSR deferral dated 12/29/05. Prior to ICC C/O P. Martinez was assigned as S's staff assistant as S is a participant in the Mental Health Delivery System at the CCCMS level of care. An investigative employee was not required. Witnesses were not requested per the Title 15 sections 3338 (h) and (i). Committee noted that S was placed into ASU on 7/10/05 as he battered a Peace Officer.
The CSR reviewed this case on 12/29/05 and noted three issues relative to ICC action of 11/9/05;
 1. The SHO's findings on RVR dated 7/10/05 did not support the guilty finding for Battery on a Peace Officer with Serious injury. The CSR takes issue with the SHO statement that S's attack *should have caused serious injury.*
 2. Prior CSR comments dated 8/9/05 relative to an adjustment to S's 829 had not been completed.
 3. A Madrid chrono need to be included in central file.

ICC addresses the CSR comments as follows;
 1. Regarding issue #1 ICC notes that IR PBP-A02-05-07-0321 documents that the victim did receive several injuries as a result of S's attack. The victim's injuries were serious enough that they required care that was beyond the scope of normal first aid in that the Officer was transported to Sutter Coast Hospital as he required additional treatment. ICC notes that Title 15 section 3000 states "Serious injury means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring suturing; and disfigurement." It appears by the definition recorded in the Title 15 that the described injuries are not all inclusive of the definition of serious injury and allowed for some latitude on the part of the SHO. It is also noted that the SHO alluded to the viciousness of the inmates attack on the Officer. Stating in the preponderance of evidence, that it is reasonable to conclude that the Officer having been struck hard enough to be knocked off of his feet causing him to strike his head on the ground should have caused serious injury. ICC also notes that the victim in this incident was off from work from for the remainder of his shift on 7/10/05 through 7/19/05. This information was not part of the SHO's supporting information however clearly demonstrates the seriousness of the attack and the injuries inflicted. It is this Committees position that the injuries listed in the IR and RVR are sufficient to warrant serious bodily injury and or disfigurement noting the ½ inch cut to the nose, ¼ inch cut above right eye, small cut on corner of right eye, bleeding nose, the knocking loose of a tooth and a cut to his lower lip.
 2. The CDC 839 has been corrected as recorded on CDC 128B dated 1/3/05.
 3. A Madrid was chrono dated 7/13/05 is in the file and may have been overlooked by the CSR.

Based upon the aforementioned **ICC acts to refer this case back to the CSR, concurring with prior ICC action of 11/9/05 relative to SHU term assessment.** ICC acts to withdraw the transfer recommendation as transfer would be inappropriate given the possible DA action. ICC also acts to retain S in ASU as S represent an unacceptable risk to the safety of prison staff if released to the GP noting the assessed MERD. ICC request a 180 day ASU extension as the Del Norte DA has not released interest in prosecution as of this date. LCSW B. Davis was present during ICC and stated that S did not have mental health issues at this time, however noted that S is PBSP excluded per the Madrid criteria. S is retained on single cell status per prior clinical recommendation, see ICC action of 11/9/05. S is approved for walk alone yard while housed in ASU. S indicated that he disagreed with Committee action as the decision "I did not have any

STATE OF CALIFORNIA　　　　　　　PAGE #2 of 2.　　　　　　　　　　　　　　　　　　DEPARTMENT
OF CORRECTIONS

Exhibit C
Pg 2

CDC 128G (REV 2/96)

NO. T-61830　　　NAME: Grigsby, Johnathan　　　　　　　　　　　　　CELL: A-1-123
CUSTODY: MAX/S　CS: 108　LEV: 4　WG/PG: D2/D　EFF: 7/10/05　ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16　NEXT REVIEW: 3/06

choice but too sock the cop, two cops threatened me. You want me to wait and be taken out of here in a body bag." S was also advised of his right to appeal this action if he so desired and that he must do so within 15 days of today whether he has received the CDC 128G Classification chrono or not. S was also advised that his next scheduled Committee will be in March of 2006.

COMMITTEE MEMBERS: Chairperson F. Jacquez, CDW (A),　　　Recorder: K. Cruse CCI
　　　　　　　　　　Member(s) B. Davis, LCSW,　　　　　　　　　　M. Smalosky/Cap.

DATE　1/_/06　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PBSP ICC