1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  JENNIFER J. NYGAARD, State Bar No. 229494
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5577
    Fax:  (415) 703-5843
8   Email:  Jennifer.Nygaard@doj.ca.gov

9  Attorneys for Defendants F. Jacquez, G. Stewart, M.
   Foss, D. Bradbury, K. Cruse, B. Samples, R. Graves,
10 N. Threm, J. Browman, P. Smith, and R. Horel

11

12                 IN THE UNITED STATES DISTRICT COURT

13                FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

|  |  |
|---|---|
| **JONATHAN W. GRIGSBY,** | C 07-2566 CRB |
| Plaintiff, | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **ROBERT HOREL, et al.,** | |
| Defendants. | No Oral Argument Required (Order of Service at 5.) |

21                            **INTRODUCTION**

22     Plaintiff Jonathan Grigsby, a state prisoner, filed a civil-rights suit under 42 U.S.C. § 1983.

23 In his complaint, Grigsby alleges that he was placed in administrative segregation pending a

24 disciplinary hearing on charges of assaulting a correctional officer.  (Compl. ¶¶ 14, 17.)  He

25 claims that he was not provided a mattress, toilet paper, linens, shoes, writing supplies, or

26 clothing other than his pepper-sprayed clothing for thirty days while he was in administrative

27 segregation.  (*Id.* ¶¶ 25, 26.)  Grigsby further alleges that at a September 19, 2005 disciplinary

28 hearing he was denied an investigative employee and staff assistant to help him prepare a

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss                        *J.W. Grigsby v. Horel, et al.*
                                                                        C 07-2566 CRB

                                         1

1  defense, and denied the opportunity to present witnesses. (*Id.* ¶¶ 33, 51.) The Court reviewed

2  Grigsby's complaint for cognizable claims in accordance with 42 U.S.C. § 1915A, and found that

3  liberally construed Grigsby's allegations stated cognizable claims for violations of the Eighth

4  Amendment and due process. (Order of Service at 2.) Defendants then filed a motion to dismiss

5  on the basis that Grigsby failed to exhaust his administrative remedies before filing this suit.

6  (Defs.' Mot. Dismiss.) Grigsby filed an opposition, and Defendants now reply to his opposition.

7                                    **ISSUE STATEMENT**

8        Should this Court dismiss a complaint without prejudice if an inmate-plaintiff failed to

9  exhaust his administrative remedies before filing suit?

10                                      **ARGUMENT**

11  **I.   THE PRISON LITIGATION REFORM ACT REQUIRES PRISONERS**
        **TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE**
12        **FILING SUIT.**

13        The Prison Litigation Reform Act of 1995 requires prisoners to exhaust their administrative

14  remedies before filing suit: "No action shall be brought with respect to prison conditions under

15  section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

16  other correctional facility until such administrative remedies as are available are exhausted." 42

17  U.S.C. § 1997e(a). The Supreme Court has held that this section requires exhaustion regardless

18  of the type of relief that a prisoner seeks. *Booth v. Churner*, 532 U.S. 731, 739 (2001).

19  Moreover, the Court stressed that it "will not read futility or other exceptions into" the statutory

20  exhaustion requirement. *Id.* at 741 n.6. A prisoner cannot satisfy the exhaustion requirement by

21  filing an untimely or otherwise procedurally defective administrative grievance or appeal.

22  *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Exhaustion is mandatory and not left to the

23  discretion of the district court. *Id.*

24        The State of California allows its prisoners to administratively appeal "any departmental

25  decision, action, condition, or policy which they can demonstrate as having an adverse effect

26  upon their welfare." Cal. Code Regs. tit. 15, § 3084.1 (2006). In order to exhaust the available

27  administrative remedies, a prisoner in California must proceed through several levels of appeal:

28  (1) informal resolution, (2) first-level formal written appeal, (3) second-level appeal to the

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss                         *J.W. Grigsby v. Horel, et al.*
                                                                        C 07-2566 CRB

1  institution head or designee, and (4) third-level appeal to the Director of the California

2  Department of Corrections and Rehabilitation. *Id.* § 3084.5. An inmate must submit an appeal

3  within fifteen working days of the event or decision being appealed. *Id.* § 3084.6(c).

4      When an inmate fails to exhaust his administrative remedies, a defendant may file an

5  unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.

6  2003). In ruling on such a motion, a court may look beyond the pleadings to decide disputed

7  issues of fact. *Id.* If a court concludes that the inmate failed to exhaust before filing suit, the

8  proper disposition is dismissal of the suit without prejudice. *Id.* at 1120; *McKinney v. Carey*, 311

9  F.3d 1198, 1199-201 (9th Cir. 2002).

10  **II.  GRIGSBY FAILED TO EXHAUST HIS ADMINISTRATIVE
    REMEDIES BEFORE FILING THIS ACTION.**

11

12     Grigsby did not exhaust his administrative remedies for either the Eighth Amendment or

13  due-process claims before filing his complaint.

14      **A.  Grigsby Did Not Exhaust His Administrative Remedies
        for the Eighth Amendment Claim.**

15

16     Grigsby claims that he was placed in administrative segregation pending a disciplinary

17  hearing on charges of assaulting a correctional officer, and that he was not provided a mattress,

18  toilet paper, linens, shoes, writing supplies, or clothing other than his pepper-sprayed clothing for

19  thirty days while he was in administrative segregation. (Compl. ¶¶ 17, 25, 26.) Grigsby did not

20  exhaust his available administrative remedy through the final level of review for this Eighth

21  Amendment claim. Grigsby submitted appeal number PBSP-05-01994, in which he complained

22  that while in administrative segregation he "wasn't entitled to anything" for eleven days and was

23  wearing pepper-sprayed clothes. (Decl. Wilber ¶ 5.) At Grigsby's request, however, this appeal

24  was withdrawn and was never resubmitted. (*Id.*) Although this appeal may have been relevant to

25  Grigsby's Eighth Amendment claim, he did not pursue it through the third, final, level, of review.

26  (*See* Decl. Grannis at Ex. A.) Grigsby submitted another appeal, received September 23, 2005,

27  concerning his placement in administrative segregation and property. (Decl. Wilber ¶ 5.) This

28  appeal was screened out because it was missing documentation. (*Id.*) Grigsby was instructed to

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss                                    *J.W. Grigsby v. Horel, et al.*
                                                                                           C 07-2566 CRB

3

1  resubmit the appeal along with requested documentation, but the appeal was never resubmitted.

2  (*Id.*)  This procedurally defective appeal does not satisfy the exhaustion requirement.  *Woodford,*

3  126 S. Ct. at 2382.  No additional appeals were submitted for informal, first-level, or second-

4  level review, or reviewed at the third level between July 10, 2005, the date Grigsby alleges that

5  he was placed in administrative segregation, and October 11, 2005, fifteen working days after the

6  September 19, 2005 disciplinary hearing concerning the issues raised in Grigsby's Eighth

7  Amendment claim.  (Decl. Wilber ¶ 5; Decl. Grannis ¶¶ 5-11.)

8  　　Because Grigsby did not receive a decision at the third, Director's level, regarding the issues

9  of his Eighth Amendment claim he did not exhaust his administrative remedies.  There was still

10  an administrative process available to Grigsby.  And proper exhaustion of administrative

11  remedies is required.  *Woodford,* 126 S. Ct. at 2382.

12  　　　　**B.    Grigsby Did Not Exhaust His Administrative Remedies**
13  　　　　　　　**for the Due-Process Claim.**

14  　　Grigsby alleges that he was denied an investigative employee and staff assistant to help him

15  prepare a defense, and the opportunity to present witnesses during the September 19, 2005

16  disciplinary hearing.  (Compl. ¶ 44.)  Grigsby also did not exhaust his available administrative

17  remedies for this due-process claim.  Grigsby submitted appeal number PBSP-S-05-02610

18  concerning, in part, his alleged denial of an adequate investigative employee and staff assistant

19  during the disciplinary hearing on September 19, 2005.  (Decl. Wilber ¶ 6.)  This appeal was

20  denied at the first level of review, and Grigsby did not submit it for second or third-level review.

21  (*Id.*)  Grigsby also submitted appeal number PBSP-A-05-02690, which concerned, in part, his

22  alleged denial of witnesses during the September 19, 2005 disciplinary hearing.  (*Id.* ¶ 7.)

23  Appeal number PBSP-A-05-02690 was partially granted at the second level of review, but the

24  portion of his appeal concerning witnesses during the disciplinary hearing was denied.  (*Id.*)

25  Grigsby did not submit appeal number PBSP-A-05-02690 for third-level review.  (*Id.*)  No

26  additional appeals were submitted concerning Grigsby's alleged due-process violation during the

27  September 19, 2005 disciplinary hearing for informal, first-level, or second-level review between

28  September 19, 2005 and October 11, 2005.  Also no appeals were accepted for third-level review

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss

*J.W. Grigsby v. Horel, et al.*
C 07-2566 CRB

1   concerning this alleged due-process violation between September 19, 2005, and May 15, 2007.

2   (Decl. Grannis ¶¶ 5-11.)

3      Grigsby did not receive a decision at the third, Director's level, on the issues of his due-

4   process claim, and therefore he did not exhaust his administrative remedies. There was still an

5   administrative process available to Grigsby, and exhaustion is mandatory. *Woodford,* 126 S. Ct.

6   at 2382.

7        **C.    Appeal Number PBSP-06-01937 Does Not Address Grigsby's Eighth Amendment and Due-Process Claims.**

8

9      Grigsby argues that he exhausted his administrative remedies because he received a third-

10   level decision to inmate appeal number PBSP-06-01937. (Pl.'s Opp'n Defs.' Mot. Dismiss at 1,

11   2, Ex. 1; Decl. Grigsby ¶¶ 1, 4, 8; Compl. at 2.) Inmate appeal number PBSP-06-01937,

12   however, did not address the specific conditions Grigsby alleges he experienced while in

13   administrative segregation, or the alleged due process violations during the September 19, 2005

14   disciplinary hearing. Rather, appeal number PBSP-06-01937 regarded:  1) the calculation of

15   Grigsby's Minimum Eligible Release Date (MERD); 2) the guilty finding of a July 10, 2005

16   Rules Violation Report for Battery on a Peace Officer with Serious Injury when a December 29,

17   2005 Classification Services Representative reviewer allegedly was of the opinion that the

18   findings did not support the charge of 'serious injury'; 3) Grigsby's claim that the charge of

19   Battery on a Peace Officer with Serious Injury could not result in a Security Housing Unit (SHU)

20   term assessment; and 4) Grigsby's allegation that the initial SHU term was inaccurate and that

21   therefore all subsequent MERD dates were incorrect. (Decl. Grannis ¶ 9.) Although this appeal

22   concerned the same July 10, 2005 Rules Violation Report for Battery on a Peace Officer that

23   resulted in Grigsby's placement in administrative segregation, it did not address his alleged

24   denial of a mattress, toilet paper, linens, shoes, non pepper-sprayed clothing, or writing supplies

25   while he was in administrative segregation, or the denial of an investigative employee, staff

26   assistant, or ability to call witnesses during the hearing. Thus, the fact that Grigsby received a

27   third-level decision for appeal number PBSP-06-01937 is not relevant to the exhaustion of

28   Grigsby's Eighth Amendment and due-process claims.

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss                     *J.W. Grigsby v. Horel, et al.*
C 07-2566 CRB

5

1

## CONCLUSION

2     Grigsby failed to administratively exhaust his administrative remedies before filing this

3  action.  Thus, Defendants' respectfully request that the Court dismiss Grigsby's complaint

4  without prejudice under 42 U.S.C. § 1997e(a).

5

6          Dated:  February 5, 2008

7                              Respectfully submitted,

8                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

9                              DAVID S. CHANEY
                               Chief Assistant Attorney General

10
                               FRANCES T. GRUNDER
11                             Senior Assistant Attorney General

                               MICHAEL W. JORGENSON
12                             Supervising Deputy Attorney General

13

14

15

                               JENNIFER J. NYGAARD
16                             Deputy Attorney General
                               Attorneys for Defendants F. Jacquez, G. Stewart, M. Foss, D.
17                             Bradbury, K. Cruse, B. Samples, R. Graves, N. Threm, J.
                               Browman, P. Smith, and R. Horel

18

19
      40211202.wpd
20    SF2007200773

21

22

23

24

25

26

27

28

Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss                    *J.W. Grigsby v. Horel, et al.*
                                                                        C 07-2566 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **J.W. Grigsby v. Horel, et al.**

No.:            **C 07-2566 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 6, 2008, I served the attached

## REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Jonathan Grigsby
T-61830
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020
   *In Pro Per*
   *T-61830*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 6, 2008, at San Francisco, California.

| | |
|---|---|
| S. Redd | *d. Redd* |
| Declarant | Signature |

40215109.wpd