IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN W. GRIGSBY, | ) | |
| Plaintiff(s), | ) ) | No. C 07-2566 CRB (PR) |
| v. | ) ) | ORDER GRANTING MOTION TO DISMISS |
| ROBERT HOREL, et al., | ) ) | (Doc # 44) |
| Defendant(s). | ) ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") and frequent litigant in this court, filed a pro se complaint under 42 U.S.C. § 1983 alleging that on or about July 10, 2005 he was charged with assaulting a correctional officer and was placed in administrative segregation pending a disciplinary hearing. Plaintiff claims that: (1) he was not provided a mattress, toilet paper, linens, shoes or clothes other than the pepper-sprayed clothes he was wearing for thirty days while he was in administrative segregation; and (2) he was not provided an investigative employee and a chance to call witnesses and present pertinent information at the disciplinary hearing.

Per order filed on August 28, 2007, the court found that plaintiff's allegations stated cognizable § 1983 claims for violation of the Eighth Amendment and Due Process Clause, when liberally construed, and ordered the United States Marshal to serve the named defendants. (The court denied

plaintiff's request for appointment of counsel for lack of exceptional circumstances. See Aug. 28, 2007 Order at 3.)

Defendants move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not properly exhaust available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Plaintiff filed an opposition and defendants filed a reply. Plaintiff recently filed a request for disqualification of assigned judge under 28 U.S.C. § 144.

## I.

Plaintiff seeks disqualification of the undersigned under 28 U.S.C. § 144 claiming "bias" and "prejudice" because some of his recent submissions (including his "motion" of opposition to defendants' motion to dismiss) have not been addressed. Plaintiff's request for disqualification is DENIED. Section 144 provides for recusal of the judge before whom the matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff's affidavit is not legally sufficient. It is well-established that actions taken by a judge during the normal course of the proceedings are not a proper ground for disqualification. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); see also United States v $292,888.04 in US Currency, 54 F3d 564, 566-67 (9th Cir 1995) (affidavit inadequate when based on conclusory allegations of bias).

## II.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

       The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal level, (2) first formal level, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the director's

3

1  level of review satisfies the exhaustion requirement under § 1997e(a). Id. at
2  1237-38.
3  Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v.
4  Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of
5  abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a
6  motion for summary judgment." Id. (citations omitted). In deciding a motion to
7  dismiss for failure to exhaust administrative remedies under § 1997e(a), the court
8  may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-
9  20. If the court concludes that the prisoner has not exhausted California's prison
10 administrative process, the proper remedy is dismissal without prejudice. Id.
11 Here, defendants correctly raises nonexhaustion in an unenumerated
12 motion to dismiss and argue that plaintiff's action should be dismissed because he
13 did not properly exhaust available administrative remedies as to his Eighth
14 Amendment or due process claims before filing suit. The evidence in the record
15 supports defendants' claim of nonexhaustion.

A.

17 Plaintiff's Eighth Amendment claim is based on his allegations that he was
18 not provided a mattress, toilet paper, linens, shoes or clothes other than the
19 pepper-sprayed clothes he was wearing for thirty days while he was in
20 administrative segregation. The record shows that on July 24, 2005, plaintiff
21 submitted appeal number PBSP-05–01994, alleging that while in administrative
22 segregation he "wasn't entitled to anything" and was wearing pepper-sprayed
23 clothes. See Wilber Decl. ¶ 5 & Ex. B. But at plaintiff"s request, the appeal was
24 withdrawn and never resubmitted and exhausted through the final level of review.
25 See id. On September 23, 2005, plaintiff submitted another appeal concerning
26 his placement in administrative segregation and property. It was screened out

4

because it was missing documentation. See Cal. Code Regs. tit.15, § 3084.3(c)(2) (appeal may be rejected for review if "incomplete or necessary supporting documents are not attached"). Plaintiff was instructed to resubmit the appeal along with property receipts, administrative segregation lock-up order and institutional classification committee chrono, but he did not resubmit it or further pursue the appeal. See Wilber Decl. ¶ 5.

Neither appeal satisfied the exhaustion requirement because neither appeal was exhausted through the final director's level of review. That the second appeal was screened out does not compel a different conclusion. The Supreme Court has now made clear that a a prisoner cannot satisfy the PLRA's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 2384.

B.

Plaintiff's due process claim is based on his allegations that he was not provided an investigative employee and a chance to call witnesses and present pertinent information at the disciplinary hearing. The record shows that on September 21, 2005, plaintiff submitted appeal number PBSP -S-05-2610, alleging, in part, denial of an adequate investigative employee and staff assistant at the disciplinary hearing. See Wilber Decl. ¶ 6 & Ex. E. The appeal was denied at the first level of review and not pursued further. See id. On October 18, 2005, plaintiff submitted appeal number PBSP-A-05-2690, alleging, in part, denial of witnesses at the disciplinary hearing. See id. ¶ 7 & Ex. F. The appeal was partially granted at the second level of review, but the portion of the appeal

5

1 concerning denial of witnesses at the disciplinary hearing was denied and
2 plaintiff did not pursue it to the final director's level of review. See id. Neither
3 appeal satisfied the exhaustion requirement.

C.

Plaintiff argues that he exhausted available administrative remedies because he received a final level decision to inmate appeal number PBSP-06-1937. The record shows that the appeal did not address the Eighth Amendment and due process claims raised in this action, however. In inmate appeal number PBSP-06-1937, plaintiff alleged that he had been retained in PBSP's secured housing unit ("SHU") past his minimum eligible release date ("MERD") because PBSP officials miscalculated his MERD. And although he also alleged that the disciplinary finding that he had battered an officer in July 2005 could not support a SHU term, plaintiff did not allege denial of a mattress, toilet paper, linens, shoes or pepper spray-free clothing while waiting for his disciplinary hearing, or denial of an investigative employee and a chance to call witnesses and present pertinent information at the hearing. Plaintiff did not exhaust available administrative remedies for his instant claims via inmate appeal number PBSP-06-1937. Cf. O'Guinn v. Lovelock Correctional Center, 502 F 3d 1056, 1062-63 (9th Cir. 2007) (appeal requesting lower bunk due to poor balance resulting from previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claim of denial of mental health treatment).

Nor is there any evidence in the record that plaintiff exhausted administrative remedies via another inmate appeal before filing suit. Plaintiff unexhausted claims must be dismissed without prejudice. See Wyatt, 315 F.3d at 1119-20. Plaintiff's unsupported allegations of evidence tampering and malice on the part of defendants do not compel a different conclusion.

|    |    |
|----|----|
| 1  | III. |
| 2  | For the foregoing reasons, defendants' motion to dismiss for failure to |
| 3  | properly exhaust available administrative remedies under 42 U.S.C. § 1997e(a) |
| 4  | (doc # 44) is GRANTED.  The action is DISMISSED without prejudice. |
| 5  | The clerk shall enter judgment in accordance with this order, terminate all |
| 6  | pending motions as moot and close the file. |
| 7  | SO ORDERED. |
| 8  | DATED:   April 22, 2008                                   /s/ CHARLES R. BREYER |
| 9  | CHARLES R. BREYER<br>United States District Judge |

G:\PRO-SE\CRB\CR.07\Grigsby1.mtd.wpd                7